Argued June 19, affirmed July 16, 1973

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
SCHUNK, *Respondent, and* SCHUNK, *Appellant.*

511 P2d 1240

*Anne K. Schneider,* Oregon City, argued the cause

for appellant. With her on the briefs were Santos & Schneider, Oregon City.

*Thomas Sauberli,* Portland, argued the cause for respondent. With him on the brief were Vergeer, Samuels, Roehr & Sweek, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Respondent-wife in a divorce proceeding appeals from a decree dissolving the marriage. She alleges (1) that the court erred in granting the petitioner-husband a divorce from her, (2) that the court abused its discretion in its distribution of the property and (3) that she was not accorded due process of law by the trial judge. The case was filed in December 1970 under the divorce law then applicable in Oregon. At that time the wife was 37 years old and had been married five times, twice to the same man. Husband then was 23 and this was his first marriage. There were no children, but wife had three by a former marriage. The case was heard on August 25 and September 20, 1972 under a ruling that proceedings would be had under the "no fault" divorce law (ORS 107.025 et seq.) which became effective during the interim between 1970 when the case was filed and 1972 when it was heard. The respondent-wife made no objection to this ruling at the time it was made, specifically stating that she would not take "a position" with reference thereto. She was represented by her second attorney on trial and has her third for this appeal.

In her brief she now contends that the court awarded the decree to her husband which is im-

permissible under the no fault law. A letter written to counsel by the trial judge after the case was over stated:

> "The first provision *that may be provided for in the decree* is an easy one, to-wit; the plaintiff may be awarded a decree of divorce from the defendant." (Emphasis supplied.)

However, the first provision of the formal divorce decree signed by the trial judge provides:

> "(1) The marriage of the parties shall terminate on the 13 day of Dec., 1972 * * *."

This decree states the action of the court. *Beardsley v. Hill,* 219 Or 440, 442, 348 P2d 58 (1959):

> "It was contended by plaintiff * * * that the letter was an appealable order * * *. This is not in accord with *Barone v. Barone,* 207 Or 26, 294 P2d 609, and *Ernst v. Logan Oldsmobile Co.,* 208 Or 449, 302 P2d 220. The memorandum opinion of the court, in the form of a letter, was not an order * * *. The cases cited hold, and we consider it to be an important rule of orderly practice, that a memorandum opinion of the trial court does not become effective until it is reduced to a proper order, judgment or decree and entered in the records of the case in the office of the clerk * * *."

*See also* discussion in *Leahy v. Leahy,* 208 Or 659, 674-77, 303 P2d 952 (1956). We hold that the letter opinion is not the decree. The decree itself simply terminates the marriage, which is consistent with the purposes of the no fault divorce law. Further, the fact that the court said in the letter that the decree could provide for a divorce to petitioner is not indicative to us that the court improperly applied the law to this case.

■ ■ The wife contends that the distribution of

the property was unjust. Our review leads to the conclusion that there was cogent evidence in support of the trial judge's findings with reference to property involved.

■ ■ The wife's last assignment of error is that the court did not accord her due process of law in that hearing of the case was continued from August 25 until September 20, 1972, that she was forced by circumstances to call witnesses out of order, and that at the close of each session the court placed her under time pressure to conclude the case. In her brief she contends "this fast shuffle" deprived her of a complete hearing on the merits. Our review of the record discloses that respondent-wife was given ample opportunity to present her case and that her then counsel, a competent and experienced trial lawyer, made no objection to the procedure. In fact, wife's counsel actively participated in interrogation of the parties and negotiations in the judge's chambers whereby some last items of information concerning furniture, other household effects and personal property were submitted to the court. The last thing the court then said as counsel agreed that the two parties could get together on these items was:

"You can go in a room. There's a jury room. I will be down in my chambers in case you need me."

Thus, the court was holding itself available in case the parties wanted to present any further evidence. This they chose not to do. Wife's counsel on appeal has used unjustifiably strong terms concerning the claimed lack of due process extended to her client by the trial court.

Affirmed.