Argued and submitted December 16, 1997, affirmed June 10, 1998

QUALITY CONTRACTORS, INC.,
dba Fred's Contracting and Fred Janke,
*Respondents,*

*v.*

Sandra K. JACOBSEN,
aka Sandy Jacobsen,
*Appellant,*

*and*

BENEFICIAL OREGON INC.,
dba Beneficial Mortgage Company,
*Defendant.*

(92-CV-0247-TM; CA A96425)

963 P2d 30

Robert L. Nash argued the cause and filed the briefs for appellant.

Michael B. McCord argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

## HASELTON, J.

Defendant[1] appeals from a judgment awarding plaintiffs $11,884 in attorney fees in a contractual dispute. Defendant contends that the judgment is erroneous primarily because (a) the award includes fees incurred after defendant made an ORCP 54 E offer of compromise that precluded the recovery of such fees; (b) the award exceeds the amount of fees plaintiffs actually incurred with respect to defendant. We affirm.

This case, which arises out of a home remodeling dispute, is before us for the second time. *See Quality Contractors, Inc. v. Jacobsen,* 139 Or App 366, 911 P2d 1268, *rev den* 323 Or 691 (1996) (*Quality Contractors I*). In February 1992, plaintiff contractors brought a breach of contract action against defendant homeowner for nonpayment of remodeling services, seeking damages that were approximately $10,500, plus prejudgment interest and contractual attorney fees. Plaintiffs also joined, and asserted a claim for nonpayment against, defendant's lender, Beneficial Oregon, Inc. Defendant answered, asserting counterclaims for defective and incomplete work.

On September 22, 1993, defendant served plaintiffs with an offer of compromise pursuant to ORCP 54 E. That offer stated, in part:

> "Defendant Sandra Jacobsen offers to allow judgment to be entered in favor of plaintiff for the sum of $3,000, including attorney's fees, costs and disbursements, in full satisfaction of all claims which have been or could be alleged by plaintiff in this action against both defendants."

Plaintiffs never accepted that offer. On March 28, 1994, plaintiffs entered into a settlement with Beneficial. Under that settlement, Beneficial agreed to pay plaintiffs $2,000, which would be offset against any judgment plaintiffs might obtain from defendant; plaintiffs and Beneficial agreed to bear their own costs and attorney fees.

---

[1] "Defendant" in this opinion refers to defendant Sandra Jacobsen. A second defendant, Beneficial Oregon, Inc.—Jacobsen's mortgage company—was dismissed pursuant to stipulation before trial.

Beginning March 29, 1994, the case was tried to a jury, which awarded plaintiffs $1,507 in damages and rejected defendant's counterclaims. In accordance with the agreement between plaintiffs and Beneficial, the court offset the $2,000 settlement against the $1,507 verdict and entered a compensatory judgment of $0:

> "Plaintiffs are awarded judgment against Defendant for $1,507 plus costs to be reduced by the $2,000 paid by Defendant Beneficial, for a net Judgment for Plaintiffs and against Defendant of $0.00."

In determining plaintiffs' alleged entitlement to attorney fees, the court construed the attorney fees provision of the parties' construction contract, which provided:

> "If either party becomes involved in litigation arising out of this Agreement, the court shall award costs, expenses including attorney fees to the party justly entitled to them."

The trial court reasoned that "party justly entitled" was not equivalent to "prevailing party" as used in ORS 20.096, but instead empowered the court to make "a determination based on fairness and equity" as to who, if anyone, should recover fees. Applying that standard, the trial court concluded that, because each party had convinced the jury as to some, but not all, of its claims, neither was entitled to fees.

In *Quality Contractors I*, we focused on, and reversed, the trial court's construction and application of the contractual attorney fee provision. We concluded that plaintiffs should have been awarded fees because the phrase "party justly entitled" in the parties' contract is equivalent to "prevailing party" and that "[t]he trial court's finding that plaintiffs prevailed is supported by the record." *Quality Contractors I*, 134 Or App at 372. Consequently, we remanded to the trial court for determination of a reasonable amount. *Id.*

On remand, plaintiffs filed a motion for entry of judgment for attorney fees and costs. In that motion, plaintiffs did not seek a particular sum of attorney fees, but rather stated that they would rely on "the cost bill and affidavits submitted previously regarding attorney fees and costs." Defendant objected, on a variety of grounds, including those discussed below.

The trial court, without explanation, awarded $11,884. Defendant requested reconsideration and findings. That request was denied.

On appeal, defendant raises four "assignments of error," which were actually four broad arguments challenging the propriety of the *same* ruling, *viz.*, the award of attorney fees: (1) Defendant's ORCP 54 E offer of compromise precluded plaintiffs from recovering their attorney fees incurred after the date of that offer; (2) the trial court's attorney fee award ($11,884) exceeded the fees that plaintiffs actually incurred with respect to defendant; (3) the award was, in all events, unreasonable, given the services rendered; and (4) the court erred in failing to render particular findings and conclusions as to attorney fees.

■ Defendant first argues that the trial court erred in awarding plaintiffs *any* fees incurred after September 22, 1993, the date she tendered her ORCP 54 E offer of compromise, because plaintiffs did not better their position at trial after rejecting that offer. ORCP 54 E provides, in part:

> "If the offer is not accepted and filed within the time prescribed * * * and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer[.]"

Defendant asserts that her $3,000 offer of compromise, which included attorney fees and costs, exceeded "the sum of the [trial] award plus the costs and recoverable attorney fees incurred up to the time of service of the offer." *See Carlson v. Blumenstein*, 293 Or 494, 504, 651 P2d 710 (1982) (describing application of antecedent of ORCP 54 E, *former* ORS 17.055). Plaintiffs respond at two levels. First, they contend that the trial court resolved that issue in their favor before the first appeal and that we affirmed that holding in *Quality Contractors I*. Thus, they reason, "law of the case" principles preclude reexamination of the effect of the offer of compromise. Second, plaintiffs argue that there was sufficient evidence in the record for the trial court, on remand, to conclude that the amount of damages they obtained at trial plus their pre-offer attorney fees exceeded $3,000.

Plaintiffs' "law of the case" argument fails. After the trial on the merits, and before the first appeal, plaintiffs petitioned for fees. Defendant objected on a variety of grounds, including that her offer of compromise precluded plaintiffs from recovering fees. The trial court issued a written opinion describing its intended disposition of the fee issue:

"Plaintiff [*sic*] on the face of the verdict is the prevailing party in this case. Defendant contends that plaintiff is not, because it was agreed the 'verdict' would be reduced by $2,000, the amount paid by Beneficial. The prior correspondence indicates the agreement was to be to reduce the Judgment by $2,000. The hasty and unfortunate use of the term 'verdict' at deposition does not persuade me that Plaintiff is not the prevailing party on the verdict. *Defendant contends the offer to settle for $3,000 prevents the award of fees to Plaintiff. It does not, because if Plaintiff is entitled to attorney fees, the judgment including attorney fees will exceed that amount.*" (Emphasis added.)

The court went on, however, to conclude that, under its construction of the contract, neither party was "justly entitled" to attorney fees—and it was *that* holding that we later reversed in *Quality Contractors I.* Following the court's letter opinion, plaintiffs submitted a proposed judgment that included the following language:

"Plaintiffs would be entitled to attorney fees despite the payment by Defendant Beneficial and the offer of compromise on file herein if the contract provided for attorney fees to the 'prevailing party.' "

However, before signing the judgment, the trial court crossed out that language. Thus, the judgment did not include a ruling about the effect of the offer of compromise. We did not address any issue pertaining to the effect of the offer of compromise in our subsequent opinion in *Quality Contractors I.*[2]

Plaintiffs' present "law of the case" argument is based solely on the language of the letter opinion, without acknowledging that the court explicitly excised parallel language from the judgment. Given those circumstances, we conclude that the language of the letter opinion is not entitled to any preclusive "law of the case" effect. *See, e.g., Beardsley*

---

[2] In the original appeal, no party assigned or cross-assigned error to the trial court's failure to adjudicate the effect of the offer of compromise.

*v. Hill,* 219 Or 440, 442, 348 P2d 58 (1959) (court's letter "memorandum opinion * * * does not become effective until it is reduced to a proper order, judgment or decree and entered in the [record]"); *Schunk and Schunk,* 14 Or App 74, 76, 511 P2d 1240 (1973) (same).

■ Defendant argues that her $3,000 offer of compromise precluded any award of post-offer fees because the total of plaintiffs' pre-offer fees plus the amount of their recovery at trial was less than $3,000. Defendants' principal argument in that regard is that, although the jury awarded plaintiffs damages of $1,507 against defendant, the trial court ultimately offset that award by the $2,000 Beneficial settlement and, thus, entered a judgment of $0. No one disputes that if, for purposes of the ORCP 54 E comparison, the "award" at trial is properly deemed to be $0 rather than $1,507, plaintiffs failed to better the offer of compromise.

We disagree with defendant that the Beneficial settlement, or any offset resulting from that settlement, can be taken into account in determining whether plaintiffs obtained a "more favorable judgment" than the offer of compromise. As the Supreme Court explained in *Carlson,* the purpose of the offer of compromise mechanism "was undoubtedly to encourage the settlement of cases and reduce court congestion by penalizing a plaintiff who fails to accept what, in retrospect, is seen to have been a reasonable offer." 293 Or at 503-04. Here, the Beneficial settlement occurred on the day before trial, over six months after defendant tendered her offer of compromise. Accordingly, at the time that plaintiffs rejected defendant's offer, they did not, and could not, know that any recovery against defendant at trial would be ultimately offset by $2,000. To allow defendant to benefit from that subsequent settlement by a codefendant would, effectively, give defendant a windfall with respect to the Rule 54 E calculus, eliminating her exposure for plaintiffs' post-offer attorney fees while concomitantly "punishing" plaintiffs for that settlement. Although *Carlson's* "retroactive reasonableness" principle assumes a degree of "20/20 hindsight," it does not sanction such a result.[3] Plaintiffs' "award" at trial

---

[3] We note, without further comment, that the analysis might very well be different if a codefendant's settlement of common liabilities occurs *before* the offer of compromise.

was $1,507. Consequently, the effect, if any, of the offer of compromise depends on whether plaintiffs' pre-offer fees and costs incurred with respect to defendant exceed $1,493.

■ Defendant contends that plaintiffs' pre-offer costs and fees did not exceed $1,493 for two reasons. First, defendant asserts that, in submitting their fee petition, plaintiffs so substantially discounted the fees of their original attorney, Patricia Campbell, for services rendered before the offer of compromise that the total of those fees and the pre-offer fees of plaintiffs' subsequent counsel, the Bryant, Emerson firm, was less than $1,493. In particular, defendant asserts that plaintiffs' petition discounted Campbell's fees from $1,250 to $553. We disagree. Plaintiffs' original fee petition documented and sought $1,174 for Campbell's pre-offer services and $408 for the Bryant, Emerson firm's pre-offer services — a total of $1,582.

Second, defendant asserts that both Campbell's and the Bryant, Emerson firm's pre-offer fees included fees for services rendered with respect to Beneficial, rather than defendant. However, there was a considerable, albeit not complete, overlap of issues pertaining to both Beneficial and defendant. Moreover, in preparing and submitting their fee petition, plaintiffs generally discounted their requested fees for pre-offer (and post-offer) services on matters relating to Beneficial. From those circumstances, the trial court could reasonably conclude that, to the extent that the petition against defendant identified Beneficial-related matters, recovery was sought only to the extent that services pertained to matters and issues common to defendant. *Cf. Aylett v. Universal Frozen Foods Co.*, 124 Or App 146, 154, 861 P2d 375 (1993) (amount of attorney fees attributable to a particular claim is a question of fact; we may not reverse the trial court's calculation of that amount unless there is no evidence to support it). Accordingly, those fees were properly attributable to defendant for purposes of the Rule 54 E calculus. Because the sum of plaintiffs' pre-offer fees ($1,582) plus the jury's award ($1,507) exceeded $3,000, defendant's offer of compromise did not preclude plaintiffs' recovery of their reasonable post-offer fees.

 Defendant next argues that, even if her offer of compromise did not preclude recovery of post-offer fees, the attorney fee award of $11,884 exceeded the fees plaintiffs actually incurred with respect to defendant. In particular, defendant asserts that plaintiffs sought total fees of only $10,000 and that their recovery could not exceed that request. As support for that argument, defendant points to plaintiffs' counsel's argument at the fee hearing following the remand in *Quality Contractors I*:

> "[S]ubstantially more than $10,000 in attorney fees was incurred in total, and all we're asking for is $10,000 which reflects some reduction for the fact that those claims against Beneficial were eventually resolved."

At first blush, counsel's remarks would, indeed, seem to limit plaintiffs' request—and recovery—to $10,000. However, in context, that is less clear. The record shows that, following trial, plaintiffs submitted two fee petitions: an initial petition, dated April 5, 1994, seeking $10,000, and a supplemental petition, dated April 27, 1994, documenting an additional $1,884 in fees incurred in services rendered after the submission of the initial petition, including the preparation of the original statement of attorney fees. The documentation submitted with the original petition showed total fees of $11,852, which were then discounted to $10,000. In that context, the trial court could reasonably understand counsel's "$10,000" remark during oral argument to refer solely to the original petition, and the discounting reflected in that petition, and not to the recoverability of the additional fees requested in the supplemental petition.[4]

We have reviewed, and reject without further discussion, defendant's remaining argument.

Affirmed.

---

[4] Defendant also raises a secondary argument that the court's award improperly included post-offer fees incurred with respect to Beneficial. We reject that argument for the reasons noted previously with respect to the determination of plaintiffs' pre-offer fees. 154 Or App at 350.