Argued and submitted October 8, award of attorney fees reversed; otherwise affirmed December 17, 1997

Joseph (Mick) C. GOUGH,
*Appellant,*

*v.*

Teri L. VAUGHN,
*Respondent.*

Teri L. VAUGHN,
*Third-Party Plaintiff,*

*v.*

WASHINGTON MUTUAL BANK,
*Third-Party Defendant.*

(16-95-09923; CA A95595)

950 P2d 935

Marc D. Perrin argued the cause and filed the brief for appellant.

Barbara M. Palmer argued the cause for respondent. On the brief was Douglas L. McCool.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

This is an action for dissolution of a domestic partnership. As to the property division, we affirm the trial court after *de novo* review and without further comment. ORS 19.125(3). On supplemental motion, the trial court granted respondent attorney fees of $3,500. We reverse that award.

■■ Trial courts may not award attorney fees in actions for dissolution of domestic partnership. *Stufflebean v. Brown*, 147 Or App 347, 349, 935 P2d 482 (1997). Respondent contends, however, that the trial court's award was permissible under ORS 20.190(3).[1] That subsection allows trial courts to award enhanced prevailing party fees of up to $5,000 in some civil cases.

We disagree with respondent's contention that her award can be upheld under ORS 20.190(3). Regardless of whether an enhanced prevailing party fee award would be permissible in this case, the trial court did not make such an

---

[1] ORS 20.190(3) provides:

"In addition to the amounts provided for in subsection (2) of this section, in any civil action or proceeding in a district or circuit court in which recovery of money or damages is sought, a circuit court may award to the prevailing party up to an additional $5,000 as a prevailing party fee, and a district court may award up to an additional $2,500 as a prevailing party fee. The court shall consider the following factors in making an award under the provisions of this subsection:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) Any award of attorney fees made to the prevailing party as part of the judgment.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case."

award. The text of the trial court's judgment on respondent's motion reads "Attorney Fees: $3500." The judgment does not cite to ORS 20.190(3) or address any of the factors for granting a prevailing party fee under that statute.

■ The legislature did not intend ORS 20.190(3) as a means for trial courts to award attorney fees. That is clear first from the text of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (stating that the best evidence of legislative intent is statutory text). The statute clearly describes awards as "prevailing party fees." ORS 20.190(3)(c), (d). Further, none of the factors that courts are to consider under the statute is related to the cost of attorney services. Rather, they appear to be designed to penalize parties who file frivolous claims, act in bad faith, or are otherwise unreasonable during litigation. Lastly, one of the factors that trial courts are supposed to consider in deciding whether to award a fee under ORS 20.190(3) is whether an attorney fee award has been made to the prevailing party. ORS 20.190(3)(g). The fact that courts are directed to weigh whether there have been *awards of attorney fees* in their calculations of awards under ORS 20.190(3) strongly indicates that the statute was not itself intended to provide a means for parties to obtain attorney fees.

■ The context of the statute also supports that interpretation. As part of our inquiry into statutory context, we consider provisions of related statutes. *PGE,* 317 Or at 611. One such statute is ORS 20.075, which provides for recovery of attorney fees. That statute contains a list of factors for a court to consider in deciding whether to award attorney fees in a particular case. ORS 20.075(1). The list is identical to the list of factors in ORS 20.190(3), except that the court is directed by paragraph (g) to consider "the amount that the court has awarded as a *prevailing party fee* under ORS 20.190" in deciding whether to award attorney fees. ORS 20.075(1)(g) (emphasis supplied). As noted earlier, ORS 20.190(3) directs the court to consider whether a party has been awarded *attorney fees* in calculating an award of prevailing party fees. Considering those two provisions together, it is clear that the legislature explicitly differentiates between attorney fees and prevailing party fees and provides for their recovery under different circumstances.

Thus, the text and context of ORS 20.190(3) make clear that the statute was intended to provide for awards of enhanced fees to prevailing parties, not as a means of obtaining attorney fees. We assume that if the trial court had intended to award an enhanced prevailing party fee in this case it would have so indicated in its judgment. Respondent's award was a straightforward award of attorney fees and, as such, is improper in an action for dissolution of a domestic partnership.

Award of attorney fees reversed; otherwise affirmed.