Argued and submitted October 24, 2008, affirmed April 22, 2009

Hollis MULLIGAN,
*Plaintiff-Respondent,*

*v.*

Cecilia HORNBUCKLE,
*Defendant-Appellant.*

Multnomah County Circuit Court
041212491; A133371

206 P3d 1078

Wendy M. Margolis argued the cause for appellant. With her on the briefs were Thomas W. Brown and Cosgrave Vergeer Kester LLP.

Joanne Reisman argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant in this personal injury action appeals following a jury verdict awarding plaintiff economic and noneconomic damages. Defendant does not challenge the verdict, but argues that the trial court erred in awarding plaintiff an enhanced prevailing party fee and costs incurred after defendant's pretrial offer to settle the case. We affirm.

Plaintiff filed this action against defendant based on injuries sustained in an automobile accident. In her complaint, plaintiff claimed that she had suffered personal injuries and sought to recover $150,000 in noneconomic damages and $12,970.85 in economic damages consisting of $2,911.85 for unreimbursed medical expenses, $2,059 for lost sick time, and $8,000 for future medical expenses.

The parties submitted the case to arbitration, and the arbitrator awarded plaintiff $8,540.86 in economic damages and $12,500 in noneconomic damages, for a total award to plaintiff of $21,040.86. Thereafter, defendant requested a trial *de novo* in the trial court. Before trial, defendant made plaintiff a formal settlement offer of $16,000, a sum intended to encompass "damages, costs and fees." The offer also provided that Personal Injury Protection (PIP) "reimbursement w[ould] be handled separately." Plaintiff did not accept the offer and was later permitted by the trial court to amend her complaint to increase the amount of economic damages sought.[1]

At trial, defendant did not dispute liability. The jury returned a verdict in favor of plaintiff for noneconomic damages in the amount of $12,500. The parties also stipulated to an award of $2,059 for lost wages and $3,441.50 for medical expenses incurred by plaintiff. Thus, the total verdict returned by the jury amounted to $18,000.50.

Post-trial, plaintiff requested that the court award her costs incurred before and after the settlement offer and

---

[1] Although no amended complaint appears in the record and no transcript was submitted of the proceeding at which the amendment was allowed, plaintiff's pretrial memorandum reflects, and the parties agree, that plaintiff amended her complaint to seek $10,801 for medical expenses. She also reduced her claim for future medical expenses and noneconomic damages.

an enhanced prevailing party fee pursuant to ORCP 54 E. Defendant objected on the grounds that an enhanced prevailing party fee was not justified and that the judgment awarded to plaintiff by the jury was not more favorable than the offer of settlement that defendant had made pretrial. The trial court ruled under ORCP 54 E that plaintiff was entitled to the costs and disbursements that she sought together with an enhanced prevailing party fee, albeit a lesser fee than she had requested.

On appeal, defendant first assigns error to the trial court's ruling that plaintiff was entitled to recover post-offer costs and prevailing party fees. We review the trial court's ruling for errors of law. *Delcastillo v. Norris*, 197 Or App 134, 140, 104 P3d 1158, *rev den*, 338 Or 488 (2005).

Pursuant to ORCP 54 E(1), a party against whom a claim is asserted may "serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified" at any time up to 10 days before the date of trial. ORCP 54 E(3) provides:

> "If the offer is not accepted and filed within the time prescribed [in ORCP 54 E(2)], it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

To determine whether an offer of settlement under the rule was more favorable than the amount of the judgment, the court must compare both amounts. *See Carlson v. Blumenstein*, 293 Or 494, 503-04, 651 P2d 710 (1982) (construing *former* ORS 17.055, statutory predecessor of ORCP 54 E). For comparison purposes, the judgment is deemed to include costs and recoverable attorney fees incurred up to the time of the offer, and the $275 prevailing party fee recoverable under ORS 20.190(2)(a)(A). *Elliott v. Progressive Halcyon*

*Ins. Co.*, 222 Or App 586, 592, 194 P3d 828 (2008). Pursuant to that calculation, the amount of the judgment recovered by plaintiff easily exceeds the amount of the settlement offer.

■ Defendant, however, asserts that the comparison in this case for purposes of ORCP 54 E must be made after the recovery for PIP damages is excluded from the amount recovered by plaintiff because those damages were not part of plaintiff's claim when defendant made the offer of judgment. Defendant explains:

> "At the time defendant made the offer, the complaint expressly disclaimed any intent to recover PIP damages, plaintiff's PIP insurer had not filed a lien on plaintiff's recovery or authorized plaintiff to recover PIP damages for it, and the PIP insurer had elected to seek PIP reimbursement from defendant's liability insurer through inter-insurer arbitration. The statement that 'PIP reimbursement will be handled separately' thus was consistent with and confirmed the fact that PIP had nothing to do with this lawsuit or with defendant's offer to settle this lawsuit.

> "* * * The trial court erred in concluding that, even if the ORCP 54 offer was valid as to plaintiff's then-existing non-PIP claim, some or all of the awarded medical expenses could have been non-PIP damages, in which case the judgment might have been more favorable than the offer. In fact, the awarded medical expenses could only have been PIP damages. Plaintiff's counsel repeatedly told the jury that defendant stipulated to liability for the first six months of medical expenses, and the court instructed the jury that, pursuant to defendant's stipulation, it must award the specified amount of medical expenses, which it did when it returned the verdict form with the pre-printed stipulated amounts. Because it is undisputed that PIP had paid all of the expenses to which defendant stipulated, the total judgment on plaintiff's claim as it existed at the time of the ORCP 54 offer ($15,096.89) necessarily was less favorable than the $16,000 offer. Plaintiff thus was not entitled to an award of post-offer costs or prevailing party fees[.]"

In light of the record before us, we are not persuaded by defendant's argument. The special verdict returned by the jury contains the following information regarding the jury's award: "Stipulated Wage Loss: $2,059.00[;] Stipulated Medical Expenses: $3441.50[;] Additional Economic Damages (up to

$12,832.70): $0[;] Non-Economic Damages: $12,500.00." Plaintiff asserts on appeal that it is unknown on this record to what extent the stipulated amount of medical expenses of $3,441.50 encompasses PIP expenses. Defendant appears to dispute that assertion. To resolve that dispute, defendant's proposed interpretation of ORCP 54 E would have required the trial court to go behind the verdict, hold an evidentiary hearing, and determine whether, or to what extent, the jury's award of damages to plaintiff encompassed PIP damages.

Under other circumstances, we have held that trial courts have no obligation to look behind the dollar amount of a judgment in making the comparison required by ORCP 54 E. *See Delcastillo*, 197 Or App at 141; *Quality Contractors, Inc. v. Jacobsen*, 154 Or App 343, 349, 963 P2d 30 (1998). We adhere to that principle in this case. In the absence of an undisputed record made by defendant as to what amount of the stipulated medical expenses represented PIP expenses, the trial court was under no obligation to go behind the verdict returned by the jury and to adjudicate what amount of PIP damages was actually awarded by the jury. Therefore, we compare the $16,000 offer of settlement in this case with the face amount of the verdict combined with plaintiff's pre-offer costs and the $275 prevailing party fee under ORS 20.190(2)(a)(A). In light of that comparison, we conclude that ORCP 54 E authorizes the award to plaintiff of a prevailing party fee and her costs incurred after the offer of compromise because the amount recovered exceeds the amount offered. Accordingly, the trial court did not err in making such an award.

■ In her second assignment of error, defendant contends that the trial court abused its discretion when it awarded plaintiff an enhanced prevailing party fee pursuant to ORS 20.190(3).[2]

---

[2] ORS 20.190(3) provides:

"In addition to [the ordinary prevailing party fee] provided for in subsection (2) of this section, in any civil action or proceeding in a circuit court in which recovery of money or damages is sought, the court may award to the prevailing party up to an additional $5,000 as a prevailing party fee. The court shall consider the following factors in making an award under the provisions of this subsection:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

In considering the factors set forth in ORS 20.190(3), the trial court noted that the arbitrator's award was "pretty close to what the jury awarded." It explained:

"I cannot make a finding in this case that—you know, that the conduct was reckless, willful, malicious, or in bad faith or illegal, or that the parties did not have a reasonable basis for presenting issues to the jury, and the—with respect to the diligence in pursuing settlement, I can't say that the parties were not diligent in doing that.

"There is—the [paragraph (h)] factor, which says such other factors as the Court may consider appropriate under the circumstances of the case, and I—the offer that was made was—given all of the factors was not in the same category as a $2,000 offer. It was a [$16],000 offer, which is a more reasonable offer than I see in some kinds of cases, where there are awards that are large, and then the offer of settlement is like a nuisance offer, but this is not a nuisance offer, and I can't make that—those kinds of findings.

"But in terms of the other factors that the Court may consider appropriate under the circumstances, you know, there is this argument that, you know, has some resonance, which is that when you have an award by an arbitrator which is not an award that seems to be out of the range, that it is an award that seems to be within the range, given the evidence in the case—you know, if the award had been $150,000 in this case, with a jury returning the verdict of whatever the amount was, then you would say, okay, that— you know, it makes sense to appeal that kind of an award

---

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) Any award of attorney fees made to the prevailing party as part of the judgment.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case."

because the amount is so much out of (indiscernible). We're talking about a relatively small difference, and it is of great deterrence obviously to—well, there is a difficulty in obtaining attorneys by Plaintiffs if the arbitration awards, which are—which appear to be relatively reasonable end up appealing and a jury trial, you know, ends up occurring because the attorneys first of all may not be willing to take cases, number one, but number two, any award if it's a contingent fee type case, any award which is an award that's reasonable for the injuries that happened, obviously a percentage less than what the jury determines is fair in order to obtain someone to represent the Plaintiff. So there is some reason to increase the prevailing party fee at least to recognize that in circumstances where the arbitration award is so close to the jury award that there has to be some compensation for the work that's been performed * * *. This is simply in recognition of the tremendous amount of expense that we're talking about, the substantial number of hours that counsel has incurred in order to obtain any result in this case after the arbitration award. So that's in recognition of that, and I'm not—because it is not anything that was done in bad faith, *et cetera,* * * * I'm not going to award the full 5,000, but I will award 3,500 in enhanced prevailing party fees, just to recognize that tremendous effort that has to be made."

Defendant acknowledges that the trial court considered all of the required factors, but asserts that the court exceeded its discretion under the statute. Defendant explains:

"Even if plaintiff was entitled to a prevailing party fee, the court abused its discretion in also awarding her an enhanced prevailing party fee. As construed by this court, ORS 20.190(3) permits such an award only as a penalty for bad faith or otherwise unreasonable conduct and not as a means of awarding attorney fees. But the trial court unequivocally determined that defendant did not act in bad faith or do anything inappropriate, and its sole justification for the award was to compensate plaintiff's counsel for the time she invested to try the case after arbitration. As a matter of law, the trial court had no authority to award an enhanced prevailing party fee under the circumstances as it found them."

Defendant's argument relies, in part, on our holding in *Gough v. Vaughn,* 151 Or App 536, 540, 950 P2d 935

(1997). In *Gough*, we examined the purposes of ORS 20.190(3), observing that the factors under the statute "appear to be designed to penalize parties who file frivolous claims, act in bad faith, or are otherwise unreasonable during litigation." 151 Or App at 539. The circumstances in *Gough* involved the dissolution of a domestic partnership for which there was no authority to award attorney fees. Nevertheless, the trial court awarded attorney fees to the respondent under ORS 20.190(3). We initially observed that, regardless of whether the trial court could have awarded an enhanced prevailing party fee under ORS 20.190(3), it had made no such award. We concluded that the statute does not provide a statutory source for an award of attorney fees, but only constitutes a grant of authority from the legislature to the courts to award an enhanced prevailing party fee. For that reason, we reversed the judgment for attorney fees. *Gough*, 151 Or App at 540.

Our holding in *Gough* does not govern the analysis in this case. Here, unlike in *Gough*, the trial court explicitly considered all of the factors listed in ORS 20.190(3), and awarded an enhanced prevailing party fee (not attorney fees) even though it found that defendant did not act in bad faith when it sought a trial *de novo* following the arbitration award. Nonetheless, defendant points to the trial court's reasoning as evidence that the court improperly undertook to award plaintiff attorney fees in the guise of an enhanced prevailing party fee. The issue presented in this case, however, is more properly framed as whether the trial court exercised its discretion within the bounds of the statute in light of ORS 20.190(3)(h) (providing that, in determining whether an enhanced prevailing party fee is appropriate, the court must consider along with the listed statutory factors, "[s]uch other factors as the court may consider appropriate under the circumstances of the case"). As with any case involving statutory construction, our initial task is to examine the text and the context of the statute to ascertain the legislature's intent. If the legislature's intent is clear from that examination, the analysis need not go any further.

Paragraph (h) by its terms is open ended. The only restriction it places on the award of an enhanced prevailing

fee is that the factors considered by the court must be "appropriate under the circumstances of the case." Here, the trial court found that defendant sought a trial *de novo* after plaintiff was awarded a reasonable amount by the arbitrator. Although defendant did not act in bad faith in seeking a trial *de novo,* as a result of its decision, plaintiff's counsel was required to invest a "tremendous amount of expense" and a "substantial number of hours" in order to obtain "any result in this case after the arbitration award." As the trial court noted and properly considered, those types of circumstances significantly impact the ability of litigants to obtain attorneys to represent them based on contingent fee agreements.

Had the legislature intended to limit an award of an enhanced prevailing party fee to cases involving "bad faith" or "unreasonableness," it could have said so. However, paragraph (h) expresses a legislative intent that the court may consider other appropriate circumstances in determining whether to award an enhanced prevailing fee. We discern nothing from the text or context of ORS 20.190(3) that indicates that an award based on the factors considered by the trial court is inappropriate. Consequently, we give effect to the legislature's intent and affirm the trial court's award.

Affirmed.