Argued and submitted February 12, 2015, on appeal, award of $27,035.50 for attorney fees incurred in arbitration reversed, award of enhanced prevailing party fee vacated and remanded, otherwise affirmed; on cross-appeal, affirmed February 24, 2016

WEITMAN EXCAVATION, LLC,
an Oregon limited liability company,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

CPM DEVELOPMENT CORPORATION,
dba Icon Materials, a foreign corporation,
*Defendant-Appellant*
*Cross-Respondent.*

Multnomah County Circuit Court
110506898

CPM DEVELOPMENT CORPORATION,
dba Icon Materials,
*Petitioner-Appellant*
*Cross-Respondent,*

*v.*

WEITMAN EXCAVATION, LLC,
*Defendant-Respondent*
*Cross-Appellant.*

Multnomah County Circuit Court
120100334

A153619

368 P3d 66

Brett M. Hill argued the cause for appellant-cross-respondent. With him on the briefs was John P. Ahlers.

Roger J. Leo argued the cause and filed the brief for respondent-cross-appellant.

Before Egan, Presiding Judge, and Shorr, Judge, and Wilson, Senior Judge.*

SHORR, J.

**SHORR, J.**

This is an appeal of a trial court judgment awarding plaintiff, Weitman Excavation, LLC, its attorney fees under ORS 36.715 and an enhanced prevailing party fee under ORS 20.190. Defendant, CPM Development Corporation, challenges both of those awards on appeal. Defendant argues, among other things, that the trial court erred in awarding plaintiff its attorney fees incurred in arbitration because, under ORS 36.715(3), a party may only recover fees incurred "in a judicial proceeding" following an arbitration award as part of an effort to vacate, modify, or correct the arbitration award. Defendant also argues that the trial court erred in awarding plaintiff an enhanced prevailing party fee based on a legally erroneous recklessness determination.

Because we conclude that a party cannot obtain attorney fees under ORS 36.715(3) for work undertaken in an arbitration proceeding, the trial court erred in awarding attorney fees on that basis. We further conclude that the trial court erred in awarding plaintiff the enhanced prevailing party fee. That fee award was based, in part, on a determination that defendant was reckless in proceeding with the arbitration. However, the trial court also concluded that defendant's legal position in seeking arbitration was "objectively reasonable" and made in the context of a "good faith" disagreement on the law. As explained below, those conclusions are incompatible in this context and result in legal error.

Separately, plaintiff cross appeals, arguing that the trial court erred in denying its request for attorney fees under another statute, ORS 20.105. Plaintiff also argues in its cross-appeal that the trial court abused its discretion in awarding plaintiff less than the full amount of attorney fees that plaintiff requested under ORS 36.715(3). We reject both of those contentions without discussion and affirm the trial court's rulings on those issues.

Accordingly, on appeal, we reverse the portion of the attorney fee award that was based on fees that were incurred in the arbitration, and we vacate and remand the

award of an enhanced prevailing party fee for reconsideration in light of our opinion.[1] On plaintiff's cross-appeal, we affirm.

We begin with an overview of the parties' contractual dispute and relevant aspects of the dueling arbitration and judicial proceedings that followed. These facts are undisputed.

Defendant is a general contractor specializing in infrastructure and transportation construction. Plaintiff is an excavation subcontractor. Both parties placed bids on a major airport utility project in February 2011. Plaintiff submitted its bid to defendant based on general specifications provided by the Port of Portland and a brief telephone conversation with defendant. Defendant then incorporated plaintiff's bid into its own bid for the project.

Defendant was awarded the contract and subsequently notified plaintiff that its bid had been approved. Shortly thereafter, defendant notified plaintiff, for the first time, of multiple terms that had not been included in the bid solicitation, including bonding, insurance, and withholding requirements. On February 24, 2011, defendant provided plaintiff with a subcontract containing those new terms and an arbitration clause.

Based on previous experience on public works projects, plaintiff had not anticipated a bond requirement and, as such, had not factored the cost of securing one into its original bid. Plaintiff doubted that it would be able to obtain the bond and was concerned that, even if it could, the cost of doing so would be prohibitive. Plaintiff immediately communicated those concerns to defendant. After discussions and unsuccessful efforts by plaintiff to comply with defendant's proposed terms, the parties were unable to reach an agreement. Plaintiff—which never signed the subcontract—notified defendant that it was withdrawing from the project.

---

[1] In a separate assignment of error, defendant challenges the trial court's award of the enhanced prevailing party fee on the ground that the court failed to make findings adequately describing the facts and factors relevant to its decision. Our disposition of defendant's second assignment of error obviates the need to reach that assignment.

In May 2011, defendant initiated arbitration proceedings before the American Arbitration Association. Defendant claimed that plaintiff breached their contractual agreement. Plaintiff contested arbitration jurisdiction before the arbitrator, claiming that the parties never entered into a contract compelling arbitration. In addition, plaintiff brought a declaratory judgment action in court. Plaintiff sought a declaration that defendant had no contractual rights that were enforceable through arbitration. As part of the declaratory judgment action, defendant filed a petition to compel arbitration and stay the court proceedings. *See* ORS 36.625(1) (requiring a court "summarily to decide" a contested motion to compel). After the parties briefed and argued those issues at an August 2011 hearing, the trial court took the matter under advisement.

While the trial court's ruling was under advisement, the October 2011 arbitration went forward as scheduled.[2] Defendant prevailed in the arbitration and the arbitrator awarded $71,955.65 in damages, plus $101,682.24 in attorney fees and costs. When the trial court learned that the arbitration had taken place, it asked the parties if the motion to compel was moot. Defendant, the moving party, advised the trial court that the motion was moot; plaintiff advised the trial court that it was not. The trial court interpreted defendant's representations to mean that "the motion to compel arbitration had been withdrawn" and that the issue of whether the dispute was subject to arbitration had been preclusively decided by the arbitrator.

After the arbitration award issued, plaintiff filed a motion for summary judgment in the original declaratory judgment action, incorporating essentially the same jurisdictional arguments it had previously advanced before both the arbitrator and the trial court. Defendant, in addition to opposing summary judgment, petitioned the trial court for an order to confirm the arbitration award. Defendant's petition instituted a second case, which was consolidated

---

[2] Plaintiff did not seek to stay the arbitration proceedings while the arbitrability issue was under advisement with the trial court. *See* ORS 36.625(2) (requiring a court to "proceed summarily to decide" a petition to stay arbitration where the petitioner alleges that there is no agreement to arbitrate).

with plaintiff's declaratory judgment action. Plaintiff's answer to defendant's petition to confirm the arbitration award included a competing petition to vacate the arbitrator's award on the ground that the arbitrator lacked subject matter jurisdiction due to the absence of a binding contract that included an agreement to arbitrate. *See* ORS 36.700; ORS 36.705; ORS 36.710; ORS 36.715 (establishing procedure and conditions for judicial confirmation, modification, or vacation of an arbitration award). After further briefing and oral argument, the trial court determined that no contractual agreement between the parties existed and that, therefore, the arbitrator "lacked authority to enter the award." The court entered a general judgment granting plaintiff's motion for summary judgment in the declaratory judgment action, denying defendant's petition to confirm the arbitration award, and dismissing defendant's motion to compel arbitration as moot. Defendant did not appeal that judgment.

After prevailing on the merits, plaintiff sought $65,000 in attorney fees incurred both in the course of the arbitration and the judicial proceedings, invoking ORS 20.105 and ORS 36.715(3). Plaintiff also requested an enhanced prevailing party fee of $5,000 under ORS 20.190(3). Defendant opposed plaintiff's request on various grounds, including that ORS 36.715(3) did not authorize an award of the attorney fees incurred exclusively in the arbitration proceeding.

The trial court entered a supplemental money judgment awarding plaintiff some, but not all, of the fees sought. The court awarded plaintiff a total of $29,551 for attorney fees under ORS 36.715(3), specifying that plaintiff was entitled to $27,035.50 for fees incurred in the arbitration proceeding plus $2,515.50 in attorney fees incurred in opposing defendant's petition to confirm the arbitrator's award.[3]

In addition, the trial court denied plaintiff's request for attorney fees under ORS 20.105, which requires an award of reasonable attorney fees against a party whose claim is

---

[3] The trial court declined to award plaintiff attorney fees incurred in the initial declaratory judgment action because plaintiff had failed to plead an entitlement to attorney fees in its complaint. *See* ORCP 68 C(2)(a).

found to have lacked an "objectively reasonable basis." It concluded that defendant's positions throughout the various proceedings, although ultimately unsuccessful, had been objectively reasonable. In particular, the court noted that its "lengthy opinion and order regarding the motions for summary judgment demonstrat[ed that] there were reasonable arguments on both sides of the issues involved." It further noted that, although defendant's choice to file the second action was arguably "not necessary" given that the issue raised "would necessarily have been determined" in the primary case, that "procedural choice" was nonetheless "not unreasonable."

Finally, the court awarded plaintiff an enhanced prevailing party fee of $3,000 in the declaratory judgment action, explaining that,

"[c]onsidering [the factors set out in ORS 20.190(3)], the Court concludes that it is appropriate to award an enhanced prevailing party fee in the original case. Although both parties had reasonable views about the law governing their dispute, the Court finds that [defendant] was reckless in pursuing arbitration of the dispute when there was a good faith disagreement between the parties as to the appropriateness of the arbitration forum. In other words, [defendant] was aware of and disregarded a substantial risk that a court would disagree with its decision to force this dispute to arbitration. Prevailing party fees in the amount of $3,000 are reasonable in light of the minimal attorney fees awarded in the case considering the total attorney fees [plaintiff] incurred to become the prevailing party."

On appeal, defendant assigns error to the trial court's attorney fee award to plaintiff and to the trial court's award of an enhanced prevailing party fee to plaintiff. We address each of those assignments of error in turn.

We start by addressing the trial court's attorney fee award. Defendant assigns error to the trial court's decision to award plaintiff $27,035.50 in attorney fees incurred in the arbitration proceeding. Defendant does not challenge the portion of the attorney fee award that awarded plaintiff fees incurred in opposing defendant's petition to confirm the arbitrator's award ($2,515.50). Because we conclude that ORS 36.715(3) does not authorize an award of attorney

fees incurred in an arbitration proceeding (as opposed to certain arbitration-related judicial proceedings), the trial court erred in awarding that portion of the attorney fees to plaintiff.

We review a trial court's legal conclusions regarding entitlement to attorney fees for legal error. *Niman and Niman*, 206 Or App 400, 415-16, 136 P3d 1186 (2006). The narrow question presented here—whether ORS 36.715(3) authorizes courts to award attorney fees incurred in arbitration—is purely legal, and one of statutory interpretation. We therefore answer it in accordance with the interpretive methodology set forth in *State v. Gaines*, 346 Or 160, 164, 206 P3d 1042 (2009), seeking to determine the legislature's intention. *See also Lehman v. Bradbury*, 334 Or 579, 583, 54 P3d 591 (2002) ("If the authority to award attorney fees flows from a statute, then the court must determine the scope of the legislature's intent respecting such awards and carry out that intent."). In this case, our inquiry begins and ends with the statutory text, which plainly demonstrates that the legislature did not intend ORS 36.715(3) to authorize awards of attorney fees incurred in arbitration.

ORS 36.715(3) provides:

> "On application of a prevailing party to a contested judicial proceeding under ORS 36.700, 36.705 or 36.710, the court may add reasonable attorney fees *incurred in a judicial proceeding* after the award is made to a judgment confirming, vacating without directing a rehearing, modifying or correcting an award."

(Emphasis added.)

The statutory text evinces the legislature's intention to give courts the discretion to award attorney fees to the prevailing party in certain post-arbitration judicial proceedings that result in an arbitration award being confirmed, vacated, modified, or corrected under ORS 36.700, ORS 36.705, or ORS 36.710. The scope of that grant of discretion is limited to attorney fees "incurred in a judicial proceeding," and, more specifically, to attorney fees incurred in a post-arbitration judicial proceeding concerning an arbitration award. It does not extend to the attorney fees directly incurred in the predicate arbitration proceeding, which

decidedly does not qualify as a "judicial proceeding." By its nature, arbitration—particularly a private (as opposed to court annexed) arbitration like the one that occurred here—is a private proceeding before a neutral arbitrator that takes place outside of a judicial proceeding. *See Harrell v. Dove Mfg. Co.*, 234 Or 321, 326, 381 P2d 710 (1963) (noting that arbitration takes place outside of court and is undertaken to avoid litigation before a judge). Based on the plain meaning of the statute (and the lack of a contrary legislative intention), we conclude that ORS 36.715(3) does not authorize an award of attorney fees that were incurred in arbitration. The trial court erred in awarding plaintiff $27,035.50 in attorney fees incurred in arbitration.

Defendant's remaining assignment of error challenges the trial court's award of an enhanced prevailing party fee under ORS 20.190(3). Defendant argues that the trial court's finding that its conduct in pursuing arbitration was "reckless" is fundamentally incompatible with the court's concomitant conclusion that defendant's claims and legal positions in seeking arbitration were "objectively reasonable."

ORS 20.190(3) provides that a trial court "may award to the prevailing party up to an additional $5,000 as a prevailing party fee," and that, in doing so, it must consider the following eight factors:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f)   The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g)   Any award of attorney fees made to the prevailing party as part of the judgment.

"(h)   Such other factors as the court may consider appropriate under the circumstances of the case."

Thus, because "the ultimate decision to award—or not to award—the fee is discretionary * * * we review that decision accordingly." *Shumake v. Foshee,* 197 Or App 255, 260-61, 105 P3d 919 (2005). However, we review the trial court's findings of fact, including findings "concerning the conduct of the parties during the course of the proceedings," for any evidence, while its legal conclusions with respect to certain factors, such as whether the parties' conduct or positions were "objectively reasonable," are reviewed for legal error. *Id.*

As set out above, the trial court's explanation of its ruling indicated that, having considered all of those factors, it ultimately based its decision to award a prevailing party fee primarily on factor (a), having found that defendant "was reckless in pursuing arbitration of the dispute" in the light of the "good faith disagreement * * * as to the appropriateness of the arbitration forum" and the accompanying "substantial risk that a court would disagree with its decision to force this dispute to arbitration."

That determination constituted legal error for two related reasons. First, the casting of defendant's choice to pursue arbitration as reckless is fundamentally incompatible with the trial court's concomitant and well-founded conclusion that defendant's legal positions—including defendant's arguments with respect to whether the dispute was subject to arbitration and whether the arbitrator had jurisdiction to decide that issue—had been objectively reasonable and were held in good faith.[4] In other words, without more,

---

[4] Our evaluation of the trial court's recklessness determination is limited to its given explanation—that the choice to pursue arbitration was necessarily reckless under the circumstances in this case. We do not consider whether there was any other evidence in the record that might separately support a finding of recklessness on remand.

defendant cannot be faulted as reckless merely for adopting an "objectively reasonable" but ultimately unsuccessful procedural position.

That factual contradiction leads to the erroneous legal premise that the recklessness determination rested upon—that is, when a collateral judicial proceeding concerning arbitrability is pending or likely to arise, a party that pursues arbitration necessarily acts recklessly. Where, as here, a party's procedural and substantive positions concerning the arbitrability of a dispute are both "objectively reasonable" and held "in good faith," it is not reckless to advance those positions through arbitration. As the procedural mechanisms employed in this case demonstrate, the Uniform Arbitration Act, ORS 36.600 - 36.740, clearly contemplates contested collateral arbitration and judicial proceedings, including proceedings where an arbitration award is ultimately vacated on the ground that "[t]here was no agreement to arbitrate." ORS 36.705(1)(e). *Cf. Bonds v. Farmers Ins. Co.*, 349 Or 152, 160, 240 P3d 1086 (2010) (observing that a mutual agreement to arbitrate, although necessary to bind parties to an arbitration result, is not a prerequisite to instituting arbitration proceedings). Here, defendant petitioned the trial court to compel arbitration, but, for reasons not attributed to defendant, the trial court did not rule on that matter until after the arbitration had taken place. Defendant was entitled to pursue arbitration despite the likelihood that a dispute over arbitrability would arise, and, in the procedural posture of this case, had no legal obligation to unilaterally seek a stay of the already ongoing arbitration to avoid a potentially unfavorable future result on that issue. This is particularly so where the trial court found that defendant disagreed on the issue of arbitrability in good faith and concluded that its legal position, although ultimately incorrect, was objectively reasonable. To the extent that the trial court awarded the enhanced prevailing party fee based on that flawed premise, it abused its discretion.

The trial court's decision to award an enhanced prevailing party fee may nonetheless be supported by other valid considerations. As recounted above, the court noted that an enhanced prevailing party fee was appropriate

"in light of the minimal attorney fees awarded in the case considering the total attorney fees [plaintiff] incurred to become the prevailing party." That explanation of the basis of the enhanced prevailing party fee award demonstrates the trial court's exercise of discretion was based on two additional factors, ORS 20.190(3)(g) (attorney fees) and (h) ("other factors as the court may consider appropriate"). The former is directly implicated in the trial court's comments; the latter is necessarily implicated because consideration of the expense of pursuing post-arbitration litigation, though not an enumerated factor, is properly within a trial court's discretion to consider under ORS 20.190(3)(h), which "by its terms is open ended." *Mulligan v. Hornbuckle*, 227 Or App 520, 528, 206 P3d 1078, *rev den*, 347 Or 42 (2009). Indeed, in *Mulligan*, we expressly held that a trial court exercised its discretion appropriately under ORS 20.190(3)(h) in awarding an enhanced prevailing party fee based on the substantial time and expense that the prevailing party's attorney had incurred in the predicate proceedings, which included an arbitration and a *de novo* jury trial on the issue of damages in a personal injury action, even in the absence of any adverse finding concerning the opposing party's conduct or positions. *Id.* at 525-29.

Accordingly, because the trial court exercised its discretion under ORS 20.190(3) based, in part, on inherently conflicting determinations, we vacate and remand the enhanced prevailing party fee for the trial court to reconsider its award in light of our opinion. *See Mantia v. Hanson*, 190 Or App 412, 431, 79 P3d 404 (2003) (vacating and remanding for reconsideration of an enhanced prevailing party fee award where original award was partially based on an erroneous conclusion that an opposing party's claim had been objectively unreasonable).

On appeal, award of $27,035.50 for attorney fees incurred in arbitration reversed; award of enhanced prevailing party fee vacated and remanded; otherwise affirmed. On cross-appeal, affirmed.