Submitted November 30, 2018, supplemental judgment reversed and remanded for an award of attorney fees November 27, 2019

Omar G. A. AL-ANI,
*Petitioner-Appellant,*

*v.*

Tamara T. M. WAFEEK,
*Respondent-Respondent.*

Clackamas County Circuit Court
16DR00606; A165219

455 P3d 1006

In this proceeding for a determination of child custody, father appeals from a supplemental judgment of the trial court rejecting his request for attorney fees after determining that the court lacked authority to award fees because father had not cited the correct statutory provision in his petition to determine custody. Father contends that the trial court erred. *Held*: The trial court had authority under ORS 107.135(8) to award attorney fees in this case. Despite the petition's failure to allege the precise statutory basis for an award of fees, father's pleading was sufficient for an award of attorney fees, because the facts asserted in the petition provided a basis for an award of fees, the parties had been alerted that attorney fees would be sought, and there was no prejudice.

Supplemental judgment reversed and remanded for an award of attorney fees.

Deanne L. Darling, Judge.

Margaret H. Leek Leiberan and Jensen & Leiberan filed the brief for appellant.

No appearance for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

TOOKEY, J.

Supplemental judgment reversed and remanded for an award of attorney fees.

**TOOKEY, J.**

In this proceeding for a determination of custody, parenting time, and support of the parties' 10-year-old daughter, father appeals from a supplemental judgment of the trial court rejecting his request for attorney fees. Despite having determined that attorney fees were warranted under the factors set forth in ORS 20.075, the trial court declined to award fees after determining that it lacked the authority to do so, because father had not cited the correct statutory provision in his petition to determine custody, as required by ORCP 68. We conclude that the trial court erred in determining that father's petition did not adequately plead an entitlement to fees, and we therefore reverse the trial court's judgment and remand for an award of fees.

Father and mother were divorced in California. But the California dissolution court determined that it did not have jurisdiction over the parties' daughter, who did not live in California. Thus, the court did not make a custody determination. Father subsequently filed this proceeding in the Clackamas County Circuit Court, seeking an initial determination of custody, support, and parenting time. The document, entitled "Petition for Custody, Parenting Time, and Child Support (ORS 109.103)," included a request for attorney fees and costs:

> "If this matter is contested, Father requests Judgment against mother for reasonable attorney fees, court costs and disbursements incurred herein pursuant to ORS 109.155(4) and all other applicable statutes and case law."

Mother's response included a similar request:

> "Pursuant to ORS 109.155 and ORCP 68, Petitioner should be ordered to pay Respondent's reasonable attorney fees incurred as a result of the custody proceeding[.]"

Thus, both parties cited ORS 109.155(4) as the source for their requests for attorney fees. ORS 109.155(4) provides for an award of attorney fees in a proceeding for a determination of parentage, which is not in dispute here, and the statute is not applicable to this custody proceeding.

After determining that it had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement

Act, ORS 109.701 to 109.834 (UCCJEA), the trial court held a hearing and proceeded to address custody under the criteria in ORS chapter 107. In a letter opinion, the trial court found that mother and mother's witnesses were not credible. The court described this case as "the worst case of parental alienation of my legal career." In its general judgment, the court found that mother was the primary parent and awarded custody to mother. But, because mother had severely alienated the child from father, even to the point of "brainwashing," the court required that both parties, along with the child, participate in reunification therapy, designed to rebuild father's relationship with the child. The court deferred a determination of parenting time until after the completion of the reunification therapy.[1]

Father sought attorney fees. In his petition for attorney fees under ORCP 68, father acknowledged that his petition for a determination of custody had not cited the correct statutory provision. His attorney fee petition asserted a right to fees under ORS 107.105 (authorizing award of attorney fees when the court renders a judgment of dissolution); and ORS 109.103 (authorizing fees in proceedings to determine custody of a child born to an unmarried person).

Mother objected, contending that father had failed to allege the correct statutory source for an award of fees in his petition for a determination of custody. Father contended that the erroneous citation of ORS 109.155(4) in his petition seeking a determination of custody was not fatal to an award of fees, because the pleaded facts showed an entitlement to fees and there was no prejudice to mother, who had also cited the same incorrect statute in her response to father's motion.

In support of his petition, father cited *Page and Page*, 103 Or App 431, 434, 797 P3d 408 (1990), in which we held that, under ORCP 68,

"[i]t is not necessary to specify the statutory basis of a request for fees when the facts asserted would provide a basis for an award of fees, the parties have fairly been

---

[1] In a subsequent supplemental judgment, the court awarded custody to father, with limited parenting time by mother.

alerted that attorney fees would be sought and no prejudice would result.”

*Id.* at 434. Father contended that his petition seeking a determination of custody pleaded the facts necessary to support an award of attorney fees, that mother was fairly alerted to his request, and that there was no prejudice.

In a supplemental judgment, the trial court denied father's request for fees, reasoning that it lacked the authority to award fees because no statute or facts authorizing fees had been pleaded. However, in a letter opinion incorporated into the judgment, the trial court explained that, in the event that the trial court was determined to have authority to award fees, it would award fees of $43,575.

On appeal, father contends that the trial court erred in concluding that it lacked authority to award fees. We review a trial court's conclusion that it lacked authority to award fees for legal error, and agree that the trial court did err. *Weitman Excavation, LLC v. CPM Development Corp.*, 276 Or App 583, 590, 368 P3d 66 (2016).

In the absence of a provision in the California dissolution judgment determining custody of the parties' minor child, this proceeding was an initial determination of custody. After the trial court assumed jurisdiction of the proceeding under the UCCJEA, the court tried this custody matter under ORS chapter 107. Under ORS 107.135(1)(b),[2] after a judgment of dissolution, upon the motion of either party, a court may make an order determining the future custody and support of a child who was not a resident of the state at the time judgment was entered. Although the judgment of dissolution had been entered in California, under

---

[2] ORS 107.135(1)(b) provides:

  “(1) The court may at any time after a judgment of annulment or dissolution of marriage or of separation is granted, upon the motion of either party ***:

  “*****

  “(b) Make an order, after service of notice to the other party, providing for the future custody, support and welfare of minor children residing in the state, who, at the time the judgment was given, were not residents of the state, or were unknown to the court or were erroneously omitted from the judgment[.]”

the UCCJEA and ORS 107.135, the Clackamas County Circuit Court had jurisdiction and authority to enter an initial order determining custody of the parties' child, who was not a resident of California at the time the California judgment of dissolution was entered.

When, as here, a court undertakes to enter a judgment awarding custody under ORS 107.135(1) after the entry of a judgment of dissolution,

"the court may assess against either party a reasonable attorney fee for the benefit of the other party."

ORS 107.135(8). Thus, ORS 107.135(8) provides statutory authorization for an award of attorney fees to father in this case.

An entitlement to attorney fees is required to be pleaded. ORCP 68 C(2)(a) requires that a party "shall allege the facts, statute or rule that provides a basis for the award of fees in a pleading filed by that party. *** No attorney fees shall be awarded unless a right to recover such fee is alleged as provided [in this subsection]."

The Supreme Court has said that the pleading requirements for an award of attorney fees under ORCP 68 C(2)(a) are mandatory. *Mulier v. Johnson*, 332 Or 344, 350, 29 P3d 1104 (2001). But a failure to plead the precise statutory basis for an award of fees does not necessarily doom the request. We have held that, despite a failure to allege the precise statutory basis for an award of fees, a pleading may be sufficient, and fees may be awarded, "when the facts asserted would provide a basis for an award of fees, the parties have fairly been alerted that attorney fees would be sought and no prejudice would result." *Page*, 103 Or App at 434.

When the source of a fee award is statutory, the facts entitling a party to attorney fees are adequately pleaded under ORCP 68 C(2)(a) when the allegations include all the facts that must be proved to meet the statutory criteria for an award. *Rymer v. Zwingli*, 240 Or App 687, 692, 247 P3d 1246, *rev den*, 350 Or 716 (2011) (citing *Hogue and Hogue*, 118 Or App 89, 92, 846 P2d 422 (1993)).

It is not disputed that father did not plead an entitlement to fees under ORS 107.135(8), which is the applicable

provision. Rather, father's petition pleaded an entitlement to fees under ORS 109.155(4), which is not applicable.[3] Thus, the question here is whether, despite the lack of a correct statutory citation, father's petition for a determination of custody alleged facts that would meet the statutory criteria for an award of attorney fees under ORS 107.135(8), and fairly alerted mother that attorney fees would be sought. We conclude that it did. First, as noted, father's petition requested fees, as did mother's response, and both parties cited the same incorrect provision. Thus, mother was alerted to the request for fees. Further, contrary to the trial court's determination, father's petition did plead facts that would give rise to an entitlement to fees under ORS 107.135(8). Father's petition alleged that the parties' marriage had been dissolved by a judgment of dissolution in California, but that the California court determined that it did not have jurisdiction over the child and could not enter an order of custody. Father's petition sought a determination of custody, parenting time, and child support, and requested joint custody of the child, if the parties were able to agree to joint custody. If the parties were not able to agree, father sought an award of sole custody. Father alleged that both parents were fit and that each party should have reasonable parenting time. Based on those pleaded facts, the trial court had authority to make an award of custody, ORS 107.135(1)(b), and authority to award fees to either party, ORS 107.135(8). Finally, mother was aware of the fee request, and there is no indication in this record that she suffered prejudice as a result of father's citation to the incorrect statute. *Page*, 103 Or App at 434. For all of those reasons, we conclude that the trial court had authority to award fees in its discretion.

Supplemental judgment reversed and remanded for an award of attorney fees.

---

[3] It is also not disputed that, before hearing, mother did not object to father's failure to cite the correct statutory provision. In fact, in her response, mother cited the same statutory provision as father. Under ORCP 68 C(2)(d), "[a]ny objection to the form or specificity of the allegation of the facts, statute or rule that provides a basis for the award of fees shall be waived if not alleged prior to trial or hearing." Thus, it would appear that mother waived her objection to the incorrect statutory citation regarding fees. But father did not alert the trial court to the issue of waiver in response to mother's objections to the petition for attorney fees, and the trial court therefore did not have an opportunity to consider it. Thus, we do not address father's contention regarding waiver here.