***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted April 5, affirmed May 3, 2023

William PAATALO,
*Plaintiff-Appellant,*

*v.*

Norman E. McCARTHY
and JoAnn McCarthy, husband and wife,
and as Trustees of the Norman McCarthy
and JoAnn McCarthy Revocable Living Trust
dated November 16, 2010,
*Defendants-Respondents.*

Lincoln County Circuit Court
18CV44633; A173368

David B. Connell, Senior Judge.

Steven M. Wilker argued the cause for appellant. Also on the briefs was Paul Balmer and Tonkon Torp LLP.

Matthew Cleverly argued the cause for respondents. Also on the brief was Fidelity National Law Group.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Plaintiff appeals a general judgment dismissing his ejectment action against defendants and a supplemental judgment awarding an enhanced prevailing party fee to defendants. On appeal, plaintiff raises four assignments of error, arguing that the trial court erred by (1) granting defendants' motion for judgment on the pleadings based on lack of jurisdiction; (2) granting defendants' motion for judgment on the pleadings based on failure to join an indispensable party; (3) denying plaintiff leave to amend his complaint; and (4) awarding defendants the maximum enhanced prevailing party fee under ORS 20.190(3). For the reasons that follow, we affirm.

*First and Second Assignments of Error.* Plaintiff contends that the trial court erred in granting defendants' motion for judgment on the pleadings based on lack of jurisdiction and failure to join an indispensable party. Defendants' motion for judgment on the pleadings explicitly identified three "independent" bases that, in their view, entitled them to judgment on the pleadings: failure to state a claim; lack of jurisdiction; and failure to join an indispensable party. In granting defendants' motion, the trial court stated in its order:

"IT IS HEREBY ORDERED AND ADJUDGED that [defendants'] Motion for Judgment on the Pleadings shall be, and hereby is:

"1.   GRANTED as to Judgment on the Pleadings—Failure to State a Claim;

"2.   GRANTED as to Judgment on the Pleadings—Jurisdiction;

"3.   GRANTED as to Judgment on the Pleadings—Failure to Join Indispensable Party[.]"

Consequently, we understand the trial court to have granted defendants' motion on the pleadings based on each of the three independent bases identified in defendants' motion.

As noted, plaintiff challenges two of those three bases—that is, lack of jurisdiction, and failure to join an indispensable party; however, plaintiff does not challenge the other, remaining independent basis—that is, failure to

state a claim. Where, as here, "plaintiffs fail to challenge the alternative basis of the trial court's ruling, we must affirm it." *Roop v. Parker Northwest Paving Co.*, 194 Or App 219, 236, 94 P3d 885 (2004), *rev den*, 338 Or 374 (2005); *see also State v. Stoudamire*, 198 Or App 399, 403, 108 P3d 615 (2005) (Armstrong, J., concurring) ("It is axiomatic that, when a trial court bases a decision on multiple grounds, an appellant may prevail on appeal only after demonstrating that all of the bases for the court's decision were erroneous."). Accordingly, we affirm the trial court's ruling granting defendants' motion on the pleadings.

*Third Assignment of Error.* Plaintiff next challenges the trial court's denial of leave to amend his complaint. "We review the denial of leave to amend for an abuse of discretion." *Dreyer v. PGE*, 300 Or App 414, 421, 453 P3d 580 (2019), *rev den*, 366 Or 731 (2020). Given the circumstances presented here—including the late timing of the proposed amendment (*i.e.*, about two months after entry of judgment on the pleadings), and its failure to address all of the deficiencies identified by the trial court in dismissing plaintiff's original complaint—we are not persuaded that the trial court "exercised its discretion in a manner that is unjustified by, and clearly against, evidence and reason." *Id.*; *see also id.* at 423 (holding no abuse of discretion where plaintiffs had "fully litigated defendants' summary judgment motion" then "waited over two months after the court had taken that motion under advisement before filing their motion for leave to amend"); *Clark v. University of Oregon*, 319 Or App 712, 722, 512 P3d 457, *rev den*, 370 Or 471 (2022) (noting leave to amend may be denied where "claim is one that could not prevail on the merits due to some failing in the pleadings or some unavoidable bar or obstacle"). We therefore conclude that the trial court did not abuse its discretion in denying plaintiff's motion to amend his complaint.

*Fourth Assignment of Error.* Plaintiff lastly challenges the trial court's decision to award an enhanced prevailing party fee to defendants pursuant to ORS 20.190(3), which is a decision we review for abuse of discretion. *See Weitman Excavation, LLC v. CPM Development Corp.*, 276 Or App 583, 592, 368 P3d 66 (2016).

Under ORS 20.190(3), a trial court "may award to the prevailing party up to an additional $5,000 as a prevailing party fee" and, in so doing, "shall consider" the eight factors enumerated in paragraphs (3)(a) to (3)(h) of that statute, including the conduct of the parties. Here, the trial court explicitly considered all eight factors; its findings as to the conduct of the parties are supported by evidence in the record, *see Weitman Excavation, LLC*, 276 Or App at 592 (reviewing for any evidence "the trial court's findings *** concerning the conduct of the parties during the course of the proceedings"); and the basis for the award stated in the court's letter opinion conforms with the policy underlying ORS 20.190(3) "to penalize parties who file frivolous claims or defenses, act in bad faith, or are otherwise unreasonable during litigation," *Jones v. Emerald Pacific Homes*, 188 Or App 471, 483, 71 P3d 574, *rev den*, 336 Or 125 (2003) (brackets and internal quotation marks omitted). We therefore conclude that the trial court did not abuse its discretion in awarding the enhanced prevailing party fee to defendants.

Affirmed.