Argued and submitted September 23, 2004, affirmed January 19, petition for
review denied April 26, 2005 (338 Or 488)

# Patricia DELCASTILLO,
*Appellant,*

*v.*

# Larry Alfred NORRIS, Sr.,
*Respondent.*

## 012284; A121442

104 P3d 1158

Stephen C. Hendricks argued the cause for appellant. On the opening brief were Paul G. Ellis and Hendricks Law Firm, P.C. On the reply brief were Stephen C. Hendricks and Hendricks Law Firm, P.C.

Lisa E. Lear argued the cause for respondent. With her on the brief were David R. Foster, Gretchen Mandekor, and Bullivant Houser Bailey PC.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

ORTEGA, J.

## ORTEGA, J.

Plaintiff in this personal injury action appeals after a jury verdict in her favor awarding economic damages of $5,491.22 and noneconomic damages of $1,500.00. Plaintiff argues, among other things, that the trial court erred in compelling a medical examination pursuant to ORCP 44 and in awarding only costs originating prior to defendant's offer of judgment. We affirm.

Plaintiff was injured in an automobile accident with defendant, for which defendant admitted liability. Plaintiff claimed "severe and permanent personal injuries" as a result of the accident, "including tearing and stretching of the muscles, ligaments and nerves of her back, hip, arms, shoulders, head and neck." Defendant denied that plaintiff suffered damages to the extent that she claimed, and a jury trial ensued on the issue of damages.

Before trial, defendant moved to compel plaintiff, pursuant to ORCP 44, to undergo a medical examination with an orthopedist and a psychiatrist. Defendant stated that a medical examination was needed because plaintiff's physical and mental condition was at issue and because plaintiff claimed that her strain injuries had not been resolved. During her deposition, taken more than 18 months after the accident, plaintiff testified that she still had pain in her left arm, shoulder, leg, and hip, as well as in her back, neck, and head. Plaintiff also testified that she suffered from dizziness, balance and memory problems, and depression as a result of the accident. Plaintiff's physician diagnosed her with "adjustment disorder with a prolonged post-traumatic component" and directed her to seek counseling. In his motion to compel a medical examination, defendant argued, "Plaintiff is claiming ongoing muscle pain and depression as a result of the accident. Plaintiff's mental and physical condition is in controversy and good cause exists for the [medical examination that] defendant seeks."

Plaintiff objected that defendant had not shown "good cause" and moved to restrict the examination. The trial court granted defendant's motion to compel the examination,

finding that "a controversy exists regarding plaintiff's physical and mental condition" and "that plaintiff has ongoing physical and mental complaints." The court stated, "As a matter of law, plaintiff's ongoing condition constitutes sufficient just cause for a compelled medical examination under ORCP 44." Plaintiff unsuccessfully petitioned the Supreme Court for an alternative writ of mandamus challenging the action of the trial court. Plaintiff underwent the medical examination, and the orthopedist ultimately testified for the defense at trial.

Before trial, defendant filed an ORCP 54 E offer of judgment in the amount of $8,950, inclusive of Personal Injury Protection (PIP) benefits, costs, and disbursements. Plaintiff rejected the offer. Because the entire judgment would have gone to reimburse plaintiff's PIP lien[1] pursuant to ORS 742.536,[2] plaintiff personally would have retained nothing from the offer of judgment.

---

[1] At the time of the ORCP 54 E offer of judgment, plaintiff's own auto insurance company had made PIP payments of $16,686.19.

[2] ORS 742.536 provides, in pertinent part:

"(1) When an authorized motor vehicle liability insurer has furnished personal injury protection benefits, or an authorized health insurer has furnished benefits, for a person injured in a motor vehicle accident, if such injured person makes claim, or institutes legal action, for damages for such injuries against any person, such injured person shall give notice of such claim or legal action to the insurer by personal service or by registered or certified mail. * * *

"(2) The insurer may elect to seek reimbursement as provided in this section for benefits it has so furnished, out of any recovery under such claim or legal action, if the insurer has not been a party to an interinsurer reimbursement proceeding with respect to such benefits under ORS 742.534 and is entitled by the terms of its policy to the benefit of this section. The insurer shall give written notice of such election within 30 days from the receipt of notice or knowledge of such claim or legal action to the person making claim or instituting legal action and to the person against whom claim is made or legal action instituted, by personal service or by registered or certified mail. * * *

"(3) If the insurer so serves such written notice of election and, where applicable, such return is so filed:

"(a) The insurer has a lien against such cause of action for benefits it has so furnished, less the proportion, not to exceed 100 percent, of expenses, costs and attorney fees incurred by the injured person in connection with the recovery that the amount of the lien before such reduction bears to the amount of the recovery.

"(b) The injured person shall include as damages in such claim or legal action the benefits so furnished by the insurer.

"(c) In the case of a legal action, the action shall be taken in the name of the injured person."

After a three-day trial, the jury returned a verdict in favor of plaintiff awarding $6,991.22: $5,491.22 in economic damages and $1,500.00 in noneconomic damages. That resulted in an in-pocket recovery for plaintiff of $1,500.00 because only the $5,491.22 in economic damages went toward reimbursing plaintiff's PIP lien. The trial court awarded plaintiff costs of $197, which did not include costs incurred after the date of defendant's ORCP 54 E offer, because plaintiff failed to obtain "a more favorable judgment" at trial than she would have received if she had accepted defendant's offer. ORCP 54 E provides:

> "[T]he party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum * * * therein specified. * * * If the offer is not accepted and * * * if the party asserting the claim fails to obtain a *more favorable judgment*, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer * * *."

(Emphasis added.)

On appeal, plaintiff raises four assignments of error. We write to discuss two of them and reject the others without discussion. First, plaintiff argues that the trial court erred in granting defendant's motion to compel the medical examination because he did not show good cause. Second, plaintiff argues that the trial court erred in limiting her cost award to costs incurred before the date of defendant's ORCP 54 E offer. Plaintiff contends that, in determining whether she received "a more favorable judgment" at trial pursuant to that rule, the court should have examined the "reality of what a party would actually receive under either the offer or the trial result." Instead, the trial court compared the gross dollar amounts of the offer and the award, $8,950.00 and $6,991.22, respectively, to determine that the offer of judgment was greater and, thus, more favorable.

■ We first address whether the trial court, pursuant to ORCP 44 A, properly compelled plaintiff to submit to a medical examination. ORCP 44 A provides that the court *may*

order a party to submit to a physical examination under certain circumstances.[3] Thus, the ultimate decision to order such an examination is discretionary, and we review that decision accordingly. Such discretion may be exercised if (1) the physical condition of a party is "in controversy," (2) the order is made "on motion for good cause shown," and (3) proper notice is given to the person to be examined and to all of the parties. ORCP 44 A. Establishment of the existence of those factors may involve findings of fact or law, which must be reviewed under the applicable standard of review for such findings. *Compare State v. Ervin*, 193 Or App 41, 45, 88 P3d 296 (2004) (applying similar two-step standard of review to exclusion of evidence under OEC 403); *Evans v. Brentmar*, 186 Or App 261, 265, 62 P3d 847, *rev den*, 336 Or 60 (2003) (same as to review of a motion to set aside a default judgment under ORCP 69 A(1)). Here, plaintiff argues that defendant failed both to show "good cause" for the examination and to give proper notice of the examination. Because plaintiff failed to preserve her notice argument, we address only whether defendant showed "good cause" for the examination, and review the trial court's conclusion that good cause existed as a matter of law.

ORCP 44 A does not define "good cause." To determine the meaning of a statutory term, the court first examines the text and context of the statute. If the meaning is unclear from the text and context, the court then looks to legislative history and, if the meaning is still unclear, to general maxims of statutory construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

*Webster's Third New Int'l Dictionary* 978 (unabridged ed 2002) defines "good cause" as "a cause or reason

---

[3] That rule provides:

"When the mental or physical condition or the blood relationship of a party, or of an agent, employee, or person in the custody or under the legal control of a party (including the spouse of a party in an action to recover for injury to the spouse), is in controversy, the court may order the party to submit to a physical or mental examination by a physician or a mental examination by a psychologist or to produce for examination the person in such party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

sufficient in law: one that is based on equity or justice or that would motivate a reasonable man under all the circumstances." This definition leaves no ambiguity about the meaning of "good cause," a meaning that is in accordance with the longstanding principle that courts may require a physical examination if it appears to promote the "ends of justice." *See Dorn v. Wilmarth*, 254 Or 236, 239, 458 P2d 942 (1969) (trial courts have inherent power to require physical examinations whenever it appears that the "ends of justice" would be promoted by doing so). Enhanced by that definition, ORCP 44 A allows the court to exercise its discretion to order a physical examination for a cause or reason based on equity or justice or one that would motivate a reasonable person under all the circumstances. ORCP 44 A; *Webster's* at 978. A reasonable person under these circumstances could be motivated to order a medical examination where, as here, a plaintiff has asserted unresolved medical complaints. Although the trial court was not obligated to grant defendant's motion, it acted within its discretion in doing so.

■ Next we examine whether plaintiff received "a more favorable judgment" than defendant's settlement offer before trial. We examine the trial court's construction of ORCP 54 E for errors of law. *Wade v. Mahler*, 167 Or App 350, 352, 1 P3d 435, *rev den*, 331 Or 334 (2000).

■ If a plaintiff fails to obtain a judgment at trial "more favorable" than a settlement offer, the plaintiff is entitled only to costs incurred up to the time the offer was made. ORCP 54 E. The trial court concluded that, because the jury's verdict ($6,991.22) was less than the offer of judgment ($8,950.00), the offer of judgment was more favorable and, thus, operated to cut off plaintiff's entitlement to costs incurred after the date of that offer. Plaintiff argues that, because the entire offer of judgment amount would have been used to offset her PIP lien and she was able to retain $1,500.00 in noneconomic damages awarded by the jury, the result at trial was "more favorable" to her than was the offer of judgment, even though the total amount was less.

We reject that argument, which rests on the faulty premise that a PIP reimbursement reduces the judgment amount. As we have stated elsewhere, PIP reimbursements

"do not reduce the verdict award but *satisfy* the judgment entered on that verdict." *Wade*, 167 Or App at 358 (emphasis in original).

Likewise, in *Quality Contractors, Inc. v. Jacobsen*, 154 Or App 343, 349, 963 P2d 30 (1998), we rejected the notion that a $2,000 offset of a jury award, resulting from an earlier settlement with a codefendant insurance carrier, could be taken into account in determining whether the plaintiff obtained a "more favorable judgment" at trial than it would have been obtained if the plaintiff had accepted the defendant's offer of compromise.

To accept plaintiff's argument would be to impose on trial courts an obligation to look behind the dollar amount of a judgment to determine its actual benefit to a plaintiff. Such a requirement finds support in neither the language of the rule nor in our case law, which treats the judgment amount as unaffected by offsets (such as PIP reimbursement or settlements) that are not part of resolution of the merits of the action. Moreover, PIP reimbursement under ORS 742.536 occurs at the election of the insurer and is designed to prevent an injured party from receiving double recovery from the PIP insurer and the negligent party's insurer. *Kessler v. Weigandt*, 68 Or App 180, 186, 685 P2d 425 (1984), *aff'd*, 299 Or 38, 699 P2d 183 (1985). Plaintiff's obligations to her PIP insurer are merely part of her claimed damages; she may not use them to support the amount of judgment she seeks to recover and then subtract them from the amount of her judgment for purposes of ORCP 54 E. *See Wade,* 167 Or App at 358.

Accordingly, we determine whether plaintiff received a more favorable judgment by comparing defendant's offer of judgment—$8,950.00, which included costs and disbursements—with plaintiff's award at trial—$6,991.22, plus costs incurred up to the time the offer was made ($197.00). Because $8,950.00 exceeds $7,188.22, the trial court was correct in concluding that plaintiff did not receive "a more favorable judgment" at trial under ORCP 54 E.

Affirmed.