Argued and submitted May 9, 2019, reversed and remanded August 18, 2021

Adi D. MENDOZA,
*Plaintiff-Respondent,*

*v.*

XTREME TRUCK SALES, LLC,
*Defendant-Appellant,*

*and*

HUDSON INSURANCE COMPANY,
*Defendant.*

Marion County Circuit Court
17CV36085; A168527

314 P3d 87

In this civil case, defendant appeals the trial court's determination that its motion for attorney fees and costs under ORCP 54 E(3) was untimely. Defendant argues that the motion for fees was timely because it was not appealing the arbitrator's decision, rather because the arbitrator's award to plaintiff was less favorable than the offer of judgment provided prior to arbitration, defendant was entitled to fees after the judgment was entered on the arbitrator's award. *Held*: Judgment, in this context, was not synonymous with the arbitrator's award, and therefore defendant could not have moved for costs and fees until the court entered the judgment based on the arbitrator's award. Because in this case, the arbitrator's award was less favorable to plaintiff than the pre-arbitration offer of judgment, defendant was entitled to fees under ORCP 54 E(3) and that entitlement did not arise until the trial court entered judgment. As defendant's motion for fees was made within the time prescribed by ORCP 54 E, the trial court erred by denying the motion as untimely.

Reversed and remanded.

J. Channing Bennett, Judge.

David Wallace argued the cause and filed the brief for appellant.

John Gear argued the cause for respondent. Also on the brief was John Gear Law Office LLC.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Landau, Senior Judge.*

_____

* Landau, S. J., *vice* Hadlock, J. pro tempore.

LANDAU, S. J.

Reversed and remanded.

**LANDAU, S. J.**

The issue in this case involves how the offer of judgment provision of ORCP 54 E(3) applies in a case that went to arbitration. Defendant here sent an offer of judgment to plaintiff. Plaintiff rejected the offer, and the claim went to arbitration. The arbitrator issued a decision, awarding plaintiff less than defendant's offer. Defendant waited for judgment to be entered on the arbitrator's decision and then filed a motion under ORCP 54 E(3) for an order awarding it, and not plaintiff, fees and costs. Plaintiff objected on the ground that defendant had failed to timely appeal the arbitrator's decision. Defendant argued that its motion was timely, because it was not appealing the arbitrator's decision itself. The basis for the motion, defendant argued, was ORCP 54 E(3), which does not apply until judgment has been entered. The trial court agreed with plaintiff and entered an order denying defendant's motion. Defendant now appeals the trial court's order. We conclude that defendant is correct that its ORCP 54 E(3) motion was timely and that the trial court erred in denying it. We therefore reverse and remand.

The facts relevant to the issues on appeal are largely procedural and not in dispute. Plaintiff purchased a used car from defendant. Plaintiff later came to believe that the car had been sold under false pretenses—namely, that defendant had misrepresented that the car had not previously been in an accident. Plaintiff initiated a claim against defendant under the Unlawful Trade Practices Act, alleging that defendant had willfully misrepresented that the car had not previously been in an accident. Defendant served an offer of judgment under ORCP 54 E in the amount of $5,500, including costs and fees to the date of the offer. Plaintiff rejected the offer.

The case was assigned to mandatory court-annexed arbitration. ORS 36.400. On January 10, 2018, the arbitrator awarded plaintiff $5,300 in damages, provided plaintiff return the vehicle to defendant, and instructed plaintiff to submit a request for attorney fees and costs. The following week, plaintiff informed defendant and the arbitrator that the vehicle had been totaled in an accident with a driver

who was under the influence. Shortly after that, the driver's insurance company offered plaintiff $5,339.48 for the totaled vehicle. Plaintiff took the offer and sold the car to the insurer. In the meantime, plaintiff submitted her statement of fees of $2,176.75 and costs in the amount of $198.00 to the arbitrator.

On February 15, the arbitrator's award was filed. It awarded plaintiff $5,300 provided she return the vehicle to defendant, plus her fees and costs. On March 20, the arbitration award was entered as a final judgment.

On March 23, defendant filed a "Motion and Statement of Costs" under ORCP 54 E(3) requesting an award of fees and costs in its favor on the ground that the judgment on the arbitrator's decision was less favorable to plaintiff than defendant's offer of judgment. Filed with the motion was the offer of judgment. Defendant argued that the judgment awarding plaintiff damages was contingent on her returning the vehicle to defendant—a contingency that she could not satisfy, given that she had already sold the vehicle to the insurer of the driver who totaled it. As a result, defendant argued, plaintiff's net recovery was zero. Even including fees and costs, defendant argued, plaintiff's net recovery did not exceed what it had offered her in the ORCP 54 E offer of judgment.

Plaintiff opposed the motion solely on timeliness grounds; she advanced no argument that the contingency in the arbitrator's award was satisfied or that she had, in fact, obtained a judgment in excess of defendant's prior offer. According to plaintiff, because defendant had failed to appeal the arbitrator's decision within the time allowed by ORS 36.425, that decision became final and nonappealable. Defendant responded that it was not challenging the arbitrator's decision itself. Rather, it was seeking to enforce ORCP 54 E(3). Defendant noted that, by its terms, that rule does not apply until the entry of judgment. Thus, it was not possible for defendant to raise the issue before the arbitrator or the trial court until the judgment had been entered. The trial court agreed with plaintiff that defendant's ORCP 54 E(3) motion was untimely and denied the motion on that ground.

On appeal, defendant argues that the trial court erred in denying the ORCP 54 E(3) motion. Defendant contends that its motion was timely, given that its entitlement to bring the motion did not occur until the entry of judgment, and it filed the motion only three days after that.

In response, plaintiff initially asserts that we lack jurisdiction to entertain the appeal at all. According to plaintiff, when defendant failed to timely appeal the arbitrator's decision, that decision became final and nonappealable. On the merits of the appeal, plaintiff argues that the trial court properly denied defendant's motion because the motion was untimely.

In reply, defendant asserts that plaintiff's jurisdictional argument rests on the mistaken premise that it is appealing the arbitrator's decision. Defendant insists that it is appealing only the order of the trial court denying relief under ORCP 54 E(3), which is permitted under ORS 19.205(3).

The appeal thus raises two issues: First, whether the trial court's order denying relief under ORCP 54 E(3) is appealable; and second, if so, whether the trial court correctly denied relief on timeliness grounds.

We begin with the issue of appealability. The right to appeal is "wholly statutory." *K. L. D. v. J. D. C.*, 301 Or App 846, 847, 459 P3d 955 (2020). An appellant bears the burden of establishing that the decision from which an appeal is taken is appealable under a particular statutory provision. *Id.* In this case, defendant relies on ORS 19.205(3), which provides that "[a]n order that is made in the action after a general judgment is entered and that affects a substantial right *** may be appealed in the same manner as provided in this chapter for judgments." Defendant contends that it is appealing the trial court's order denying the ORCP 54 E(3) motion, which occurred after the general judgment was entered and which affects a substantial right, namely, its right to fees and costs. As a result, defendant concludes, its appeal satisfies the requirements of ORS 19.205(3).

Plaintiff's response is to contest that the trial court's order denying the ORCP 54 E(3) motion "affects a

substantial right" within the meaning of ORS 19.205(3) because, as plaintiff phrases it, "there is no right to make an untimely appeal." In plaintiff's view, when defendant failed to appeal the arbitrator's decision to the trial court, that decision became final and unappealable. In plaintiff's view, the trial court's order denying defendant's ORCP 54 E(3) motion simply reflected that fact and, as a result, affected no substantial right of defendant's.

In other words, plaintiff argues that we lack jurisdiction because defendant's claim fails on the merits. The issue for purposes of determining appealability, however, is not whether one party or the other is right on the merits of the appeal, but whether an order denying defendant's claim for attorney fees and costs is an order that "affects a substantial right" under ORS 19.205(3). There can be no question that it is. In *Bhattacharyya v. City of Tigard*, 212 Or App 529, 534, 159 P3d 320 (2007), we concluded that an order that exposed the parties to an award of costs and attorney fees was an order that "affects a substantial right" under ORS 19.205(3). That is certainly the effect of the trial court's denial of defendant's ORCP 54 E(3) motion in this case, which had the effect of denying defendant's claim for fees and costs and instead requiring defendant to pay plaintiff's fees and costs. The order is appealable.

We turn, then, to the merits of the appeal. As we have noted, defendant argues that the trial court erred in denying the ORCP 54 E(3) motion because, as a matter of law, the motion could not have been brought earlier. Plaintiff argues that the trial court correctly concluded that defendant's motion was untimely, because the arbitrator's decision had become final and nonappealable.

The issue is one of interpretation involving the interplay between ORCP 54 E(3) and statutes governing arbitration. As such it presents a question of law. *Elliot v. Progressive Halcyon Ins. Co.*, 222 Or App 586, 591, 194 P3d 828 (2008), *rev den*, 346 Or 65, *rev den*, 346 Or 157 (2009) (interplay between ORCP 54 E(3) and other rules is a question of law). We begin with the relevant rules and statutes.

ORCP 54 E(1) provides that, subject to exceptions not relevant here, a party against whom a claim is asserted

may make an offer of judgment for a specified amount. ORCP 54 E(3) then provides:

> "If the offer is not accepted *** it shall be deemed withdrawn, and shall not be given in evidence at trial and may be filed with the court only after the case has been adjudicated on the merits and only if the party asserting the claim fails to obtain a judgment more favorable than the offer to allow judgment. In such a case, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover from the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

Perhaps more plainly stated, if a plaintiff rejects a defendant's offer of judgment and then "fails to obtain a judgment more favorable than the offer," the defendant, and not the plaintiff, is entitled to costs and fees. *See generally Mathis v. St. Helens Auto Center, Inc.*, 367 Or 437, 448-50, 478 P3d 946 (2020) (summarizing effect of rule). Of particular importance to this case, the rule provides that the defendant's entitlement to fees and costs depends on whether the plaintiff failed to obtain a "judgment" more favorable than the offer.

As used in the Oregon Rules of Civil Procedure, the term "judgment" has the meaning described in ORS 18.005. ORCP 67 A. ORS 18.005(8), in turn, defines "judgment" to mean "the concluding decision of a court on one or more requests for relief in one or more actions, as reflected in a judgment document." It necessarily follows that a defendant's entitlement to fees and costs under ORCP 54 E(3) does not occur until the plaintiff who rejected an offer of judgment obtains a "judgment" within the meaning of ORS 18.005(8) that is less favorable than the defendant's offer of judgment.

As for the relevant arbitration statutes, ORS 36.425(1) provides that, at the conclusion of an arbitration, the arbitrator is to file a decision and award, which may include damages, costs, and attorney fees. The party against whom the decision granted relief then has 20 days within which to appeal the decision to the trial court for

a trial *de novo*. ORS 36.425(2)(a). Or, if the party against whom relief has been granted wishes to challenge an arbitrator's award of costs or fees, exceptions must be filed with the court within seven days. ORS 36.425(6). If no appeal is filed within 20 days, judgment is to be entered on the arbitrator's decision. ORS 36.425(3). Such a judgment "may not be appealed." *Id.*

With those provisions in mind, we return to the parties' arguments. As we have noted, defendant argues that its ORCP 54 E(3) motion was timely, given that its entitlement to fees and costs did not arise until after the entry of judgment, and it filed the motion three days after that. Plaintiff responds that ORCP 54 E(3) "does not apply here." She offers two somewhat inconsistent reasons for that assertion. First, she says that the Oregon Rules of Civil Procedure do not apply to arbitration proceedings at all. Plaintiff contends that Chapter 13 of the Uniform Trial Court Rules controls all arbitration proceedings, and it grants the arbitrator exclusive authority to establish procedures for awarding fees and costs. As a result, she argues, "ORCP 54 has no bearing on this case." When defendant failed to take exception to the arbitrator's award, that award became final and unappealable, and that, says plaintiff, is the end of the matter. Second, plaintiff argues that defendant's ORCP 54 E(3) motion was untimely because "defendant did not appeal the award." She contends that defendant could have challenged the arbitrator's award of fees and costs under ORS 36.425(6) and raised an objection under ORCP 54 E(3), but chose not to and cannot avoid the consequences of that choice by invoking ORCP 54 E(3).

As to the first argument, plaintiff certainly is correct that UTCR Chapter 13 applies to mandatory court-annexed arbitrations. UTCR 13.010. And those rules do provide that the arbitrator "shall establish procedures for determining attorney fees and costs." UTCR 13.210(5). But those rules do not justify the conclusion that plaintiff draws from them. The rules apply to arbitration proceedings only. Here, the arbitration proceeding concluded, and a judgment was entered on the arbitrator's decision. Defendant's motion did not involve the arbitration proceeding itself and did not challenge the arbitrator's decision in any respect. Instead,

once judgment was entered, defendant asked the trial court to determine the legal effect of that judgment, given the fact that the judgment reflected a less favorable result for plaintiff than what defendant had earlier offered. That is a matter squarely controlled by ORCP 54 E(3).

Plaintiff's second argument—that defendant could have taken exception to the arbitrator's fee and cost award on ORCP 54 E(3) grounds—is similarly unpersuasive. The rule expressly provides that the right to claim fees is contingent upon the entry of a "judgment" less favorable to plaintiff than defendant's earlier offer. At the time defendant could have taken exception to the arbitrator's award, no such judgment had been entered. When pressed on this point at oral argument, plaintiff suggested that the word "judgment" in ORCP 54 E(3) should be understood in the context of arbitration to refer to the arbitrator's award, not a concluding decision of a court, so that defendant could have raised the issue to the arbitrator. But, as we have observed, ORCP 67 A expressly provides that, as used in the Oregon Rules of Civil Procedure, the term "judgment" has the meaning given in ORS 18.005. Plaintiff offered no authority for the proposition that the term can mean something different in this particular context. *See Village at Main Street Phase II v. Dept. of Rev.*, 356 Or 164, 175, 339 P3d 428 (2014) ("[T]he general assumption of consistency counsels us to assume that the legislature intended the same word to have the same meaning throughout related statutes unless something in the text or context of the statute suggests a contrary intention.").

Plaintiff insists that, if "judgment" refers only to the decision of a court, the rule still does not apply here. According to plaintiff, at least in arbitration cases, ORCP 54 E(3) applies only when a party appeals an arbitrator's decision and a trial court reviews the matter *de novo* and, after that, enters judgment. Plaintiff cites no authority for that assertion. We note that the rule does refer to judgment being entered after "adjudication on the merits." But there is no suggestion from that phrasing that it refers exclusively to adjudication by a court. To the contrary, it is common to refer to arbitrators having "adjudicated" controversies. *See, e.g.*, *Hawkins v. 1000 Limited Partnership*, 282 Or App 735, 753, 388 P3d 347 (2016), *rev den*, 361 Or 543

(2017) (referring to issues "actually adjudicated and essential to the determination of the arbitration proceeding"); *Chenowith Ed. Assn. v. Chenowith School Dist. 9*, 141 Or App 422, 426, 918 P2d 854 (1996) (contract limited arbitrator's authority "to adjudicating the parties' rights" under the contract). More to the point, in *Cessna v. Chu-R & T, Inc.*, 185 Or App 39, 52, 57 P3d 936 (2002), *rev den*, 335 Or 266 (2003), we held that an arbitrator's decision has "final adjudicatory effect" once a judgment is entered on that decision. *See also Petersen v. Fielder*, 185 Or App 164, 169, 58 P3d 841 (2002), *rev den*, 335 Or 255 (2003) (citing *Cessna* for rule that entering judgment on arbitration award gives the decision "a final adjudicatory effect").

We conclude that the trial court erred in denying defendant's ORCP 54 E(3) motion on timeliness grounds.

Reversed and remanded.