Argued and submitted November 28, 2022, reversed and remanded October 4, 2023

Adi D. MENDOZA,
*Plaintiff-Respondent,*

*v.*

XTREME TRUCK SALES, LLC,
an Oregon company,
*Defendant-Appellant,*

*and*

HUDSON INSURANCE COMPANY,
a foreign surety company,
*Defendant.*

Marion County Circuit Court
17CV36085; A177639

537 P3d 563

In this case involving a dispute over a used vehicle that plaintiff purchased from defendant, the parties went to mandatory court-annexed arbitration, which resulted in an arbitration award in plaintiff's favor. The trial court entered a judgment for plaintiff based on that arbitration award. Defendant then filed a motion asserting that plaintiff failed "to obtain a judgment more favorable than the offer to allow judgment" that defendant had made before the parties went to arbitration, ORCP 54 E(3), and that, consequently, plaintiff was limited to recovering pre-offer attorney fees and costs and defendant was entitled to recover post-offer costs. The trial court initially denied the motion as untimely. We reversed that ruling in *Mendoza v. Xtreme Truck Sales, LLC*, 314 Or App 87, 497 P3d 755 (2021). On remand, the trial court denied the motion on the merits. Defendant argues that the trial court exceeded the scope of the remand or, alternatively, misapplied ORCP 54 E. Plaintiff raises a cross-assignment of error. *Held*: The trial court did not exceed the scope of the remand. The court did err, however, by not considering, as part of its ORCP 54 E(3) analysis, a term in the arbitration award and judgment requiring plaintiff to return the vehicle to defendant. The cross-assignment of error is not well taken.

Reversed and remanded.

J. Channing Bennett, Judge.

David Wallace argued the cause and filed the brief for appellant.

John Gear argued the cause for respondent. Also on the brief was John Gear Law Office LLC.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.*

AOYAGI, P. J.

Reversed and remanded.

_____
  * Jacquot, J., *vice* James, J. pro tempore.

## AOYAGI, P. J.

This case, which involves an offer of judgment under ORCP 54 E, is before us for the second time. At issue is a motion made by defendant Xtreme Truck Sales, LLC,[1] asserting that plaintiff failed "to obtain a judgment more favorable than the offer to allow judgment" that defendant made before the parties went to arbitration, ORCP 54 E(3), and that, consequently, plaintiff is limited to recovering pre-offer attorney fees and costs and defendant is entitled to recover post-offer costs. The trial court initially denied the motion as untimely. We reversed that ruling in *Mendoza v. Xtreme Truck Sales, LLC*, 314 Or App 87, 497 P3d 755 (2021) (*Mendoza I*). On remand, the trial court denied the motion on the merits. Defendant now argues that the trial court exceeded the scope of the remand or, alternatively, misapplied ORCP 54 E. Plaintiff raises a cross-assignment of error. We conclude that the court did not exceed the scope of the remand, but that it erred in not considering the disposition of property in the judgment as part of its ORCP 54 E(3) analysis; we reject the cross-assignment of error. Accordingly, we reverse and remand.

### FACTS

In September 2016, plaintiff purchased a used Chrysler Pacifica van from defendant for $4,250. She later came to believe that defendant had misrepresented its accident history. Plaintiff filed a claim against defendant for willful misrepresentation in violation of the Unlawful Trade Practices Act, seeking $9,952 in damages for the purchase price of the van, repairs, and loss of use. Defendant made an offer of judgment in the amount of $5,500, including costs and fees to date. Plaintiff rejected the offer.

The case went through mandatory court-annexed arbitration on January 8, 2018. *See* ORS 36.400 (providing, along with ORS 36.405, for mandatory court-annexed arbitration in certain civil matters involving $50,000 or less). On January 10, 2018, the arbitrator issued a damages award to plaintiff. The written award stated that it was a "Judgment/Award for Plaintiff and against Defendant" and identified

---

[1] Defendant Hudson Insurance Company is not a party to this appeal. For purposes of this opinion, "defendant" refers solely to Xtreme Truck Sales, LLC.

plaintiff as the prevailing party. It contained a money award to plaintiff for damages and stated the amount of the money award as "$5,300 but as part of the award plaintiff must return the Chrysler Pacifica to Xtreme Truck Sales, LLC." The award was sent to the parties, but not filed with the court, pending resolution of attorney fees and costs.

On January 15, 2018, plaintiff informed the arbitrator and the parties that the van had sustained substantial damage on January 5 when it was hit, while parked, by an intoxicated driver. Plaintiff subsequently agreed to accept $5,339.48 from the intoxicated driver's insurance company for the totaled van. On January 22, 2018, plaintiff sent an email to the arbitrator and the parties requesting to "slightly modify the initial arbitration award." To avoid double recovery and facilitate resolution of the matter, plaintiff proposed to credit the full amount of the insurance payment to defendant, such that the $5,300 award to plaintiff "stands but the insurance proceeds offset it at payment when this case ultimately resolves," which would mean that defendant "ends up out of pocket nothing on the award to plaintiff."

In February 2018, the arbitrator heard arguments on plaintiff's petition for attorney fees and costs and decided to award plaintiff $10,553.88 in attorney fees, $656 in costs, and a $300 prevailing party fee. The arbitrator added that information to the previously drafted arbitration award, attached "Findings Regarding Attorney's Fees, Prevailing Party Fee, and Costs," and filed the award with the court. *See* ORS 36.425(1) (requiring the arbitrator in court-annexed arbitration to file the decision with the court). The arbitrator did not modify the award as plaintiff had requested, or otherwise, to account for the recent accident. The accident is briefly mentioned in the attached findings on fees and costs: "Between the time of my decision on the merits and the attorney fees petition, the Pacifica vehicle was totaled in a separate accident."[2]

---

[2] That statement is substantively repeated later in the same document: "I am now filing my arbitration decision. The decision was made prior to the Pacifica vehicle being totaled. The findings as to attorney fees, prevailing party fee, and costs was made after the vehicle was totaled." It appears to be undisputed that the van was totaled on January 5, before the arbitration began, so it is unclear whether the arbitrator meant to refer to his learning of the accident, meant to refer to when the insurance company declared the van totaled, or misunderstood when the actual accident occurred.

On March 19, 2018, the trial court entered a general judgment, stating that no appeal had been filed and that the court was therefore entering the arbitration award—which was attached—as the final judgment of the court. *See* ORS 36.425(2)(a) (allowing parties 20 days to appeal the arbitration decision, which triggers the right to a trial *de novo* of the action in court). A few days later, defendant filed a motion under ORCP 68 and ORCP 54 E(3), contending that plaintiff was limited to recovering pre-offer attorney fees and costs and that defendant was entitled to recover post-offer costs, because plaintiff obtained a judgment less favorable than defendant's pre-arbitration offer of judgment. Plaintiff opposed the motion, arguing only that it was untimely. The trial court denied the motion as untimely.

Defendant appealed, and, in *Mendoza I*, we held that defendant's motion was timely. *Mendoza I*, 314 Or App at 89-90.[3] We therefore reversed the order denying the motion and remanded to the trial court. *Id.* at 89 ("We conclude that defendant is correct that its ORCP 54 E(3) motion was timely and that the trial court erred in denying it. We therefore reverse and remand."); *id.* at 96 ("Reversed and remanded."). We did not provide any specific instructions for the remand proceedings. *See id.* at 89-96.

On remand, the trial court heard argument from both parties on the merits of defendant's ORCP 54 E(3) motion. The court then denied defendant's motion on the merits, concluding that plaintiff obtained a judgment more favorable than defendant's offer. Defendant appeals the resulting supplemental judgment.

## SCOPE OF REMAND

In its first assignment of error, defendant contends that the trial court exceeded the scope of the remand when it held a hearing and evaluated the merits of defendant's ORCP 54 E(3) motion before ruling on it. According to

---

[3] In response to *Mendoza I*, the legislature amended ORS 36.425(6) to provide that any ORCP 54 E claims or defenses must be raised by exception before the arbitration award is reduced to judgment. Or Laws 2023, ch 16, § 1; *see* Testimony, Senate Committee on Judiciary, SB 307, Jan 18, 2023 (statement of Young Walgenkim, Oregon State Bar Consumer Law Section) (explaining the impetus for the bill). The amended statute applies to arbitrations commenced on or after January 1, 2024.

defendant, plaintiff "waived" the opportunity to oppose the motion on the merits by initially opposing it only on timeliness grounds, and "[p]laintiff's waiver established as a settled fact that [p]laintiff had not obtained a judgment more favorable than Xtreme's offer of judgment."

We disagree. "Generally speaking, when our tagline specifies, *in toto*, 'Reversed and remanded,' the 'reversed' part of the tagline negates the appealed judgment or order and the 'remanded' part sends the case back to the lower tribunal as though the original proceeding did not occur." *Allen v. Premo*, 251 Or App 682, 686, 284 P3d 1199 (2012). Thus, in this case, we "reversed" the order denying defendant's ORCP 54 E(3) motion as untimely, and we "remanded" for the trial court to proceed as though it had never made that ruling. *Mendoza I*, 314 Or App at 89, 96. The trial court correctly understood that to mean that it should proceed to decide the motion on the merits.

It is true that, in her initial opposition to defendant's motion, plaintiff argued only that the motion was untimely. *Id*. at 90 ("Plaintiff opposed the motion solely on timeliness grounds; she advanced no argument that the contingency in the arbitrator's award was satisfied or that she had, in fact, obtained a judgment in excess of defendant's prior offer."). It was only on remand that plaintiff addressed the merits. However, had the trial court rejected the procedural argument and reached the merits in the original proceeding, we are unaware of any authority that would have required the court to grant the motion automatically—without evaluating the merits, or allowing additional briefing—on a "waiver" theory. If no such requirement existed in the original proceeding, then neither did it exist on remand, as our remand in *Mendoza I* simply put the proceeding back in the same posture as it had been before the untimeliness ruling.

Defendant's reliance on *Skultety v. Humphreys*, 247 Or 450, 431 P2d 278 (1967), is misplaced. In that case, a jury found the defendant liable to the plaintiff for personal injuries suffered in a car accident, and that finding was not challenged on appeal. *Id*. at 458. In reversing for a new trial on damages, due to an error in the jury instructions on

damages, we noted that it was "unnecessary to retry" the liability issue and that "[t]he new trial will be limited to the issue of damages recoverable by the plaintiff." *Id. Humphreys* is distinguishable, both because a jury had already decided liability in the first trial in *Humphreys*, whereas the trial court had not decided the merits of defendant's ORCP 54 E(3) motion in the first proceeding in this case, and because the Supreme Court expressly limited the scope of remand in *Humphreys*, whereas we simply reversed and remanded for further proceedings in *Mendoza I*.

The trial court did not exceed the scope of the remand by evaluating the merits of defendant's motion before ruling on it.[4]

### ORCP 54 E(3) RULING

Defendant's second assignment of error challenges the merits of the trial court's ruling. Defendant argues that the trial court erred in denying the motion, because plaintiff "fail[ed] to obtain a judgment more favorable than the offer to allow judgment" under ORCP 54 E(3). Because defendant's argument turns on a legal issue—which terms of an offer or judgment are to be considered in making the comparison required by ORCP 54 E(3)—we review for legal error. *Delcastillo v. Norris*, 197 Or App 134, 140, 104 P3d 1158, *rev den*, 338 Or 488 (2005).

ORCP 54 E provides a mechanism for a defendant to limit potential future liability for the plaintiff's attorney fees and costs by making an offer of judgment. If the plaintiff fails to obtain a judgment more favorable than the

---

[4] Although defendant does not appear to rely on it, we acknowledge that *Mendoza I* contains some dicta that, in retrospect, could be misleading. *Mendoza I* makes clear that the only issues that we were deciding were appealability and timeliness. 314 Or App at 91 ("The appeal thus raises two issues: First, whether the trial court's order denying relief under ORCP 54 E(3) is appealable; and second, if so, whether the trial court correctly denied relief on timeliness grounds."); *see also id.* at 92 (framing issue on appeal); *id.* at 96 ("We conclude that the trial court erred in denying defendant's ORCP 54 E(3) motion on timeliness grounds."). However, in the introductory paragraph, in summarizing the case, we stated, "The arbitrator issued a decision, awarding plaintiff less than defendant's offer." *Id.* at 89. To be clear, that statement was dicta and, as *dicta*, did not create law of the case. On remand, the trial court correctly did not view it as resolving an issue that had not yet been considered by the trial court and that was not before us in *Mendoza I*.

offer, then the plaintiff cannot recover attorney fees or costs incurred after the offer date, and the defendant is entitled to costs and disbursements from the offer date. The rule states, in relevant part:

> "E(1) Offer. Except as provided in ORS 17.065 to 17.085, any party against whom a claim is asserted may, at any time up to 14 days prior to trial, serve upon any other party asserting the claim an offer to allow judgment to be entered against the party making the offer for the sum, or the property, or to the effect therein specified. \*\*\*

> "\*\*\*\*\*

> "E(3) Failure to accept offer. If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence at trial and may be filed with the court only after the case has been adjudicated on the merits and only if the party asserting the claim fails to obtain a judgment more favorable than the offer to allow judgment. In such a case, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover from the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

ORCP 54 E.

Ruling on an ORCP 54 E(3) motion thus necessarily requires comparing the judgment to the offer that was made. "To determine whether an offer of settlement under [ORCP 54 E] was more favorable than the amount of the judgment, the court must compare both amounts. For comparison purposes, the judgment is deemed to include costs and recoverable attorney fees incurred up to the time of the offer, and the \*\*\* prevailing party fee recoverable under [ORS 20.190]." *Mulligan v. Hornbuckle*, 227 Or App 520, 523, 206 P3d 1078, *rev den*, 347 Or 42 (2009) (internal citations omitted).

In this case, it is undisputed that defendant made an offer of judgment for $5,500, including costs and fees to the date of the offer, and that plaintiff had incurred $1,830.50 in

costs and fees when the offer was made.[5] What is disputed is whether the judgment that plaintiff obtained is more or less favorable than defendant's offer.

The general judgment, which simply adopts the arbitration award, contains an award to plaintiff for "$5,300 but as part of the award plaintiff must return the Chrysler Pacifica to Xtreme Truck Sales, LLC." It also awards plaintiff attorney fees, costs, and the prevailing party fee. If one disregards the van-return requirement, it is readily apparent— as defendant acknowledges—that the judgment that plaintiff obtained ($5,300 plus $1,830.50 plus $300) is more favorable than the offer ($5,500).

The point of dispute is the effect of the van-return requirement. In defendant's view, the judgment required plaintiff to return the van to defendant (whereas plaintiff would have kept the van under defendant's offer), so the van's value must be included in the ORCP 54 E(3) calculation, and the proper value to use is $5,339.48 (the insurance payment amount), which completely offsets the $5,300 money award to plaintiff. It follows, defendant argues, that the judgment that plaintiff obtained ($5,300 minus $5,339.48 plus $1,830.50 plus $300) is less favorable than defendant's offer ($5,500). The trial court rejected that argument, although its reasoning is not entirely clear from the record.

We first consider the fundamental question whether a trial court conducting an ORCP 54 E(3) comparison should take into account offers and awards of property, or whether only offers and awards of money are relevant to the analysis. We find the answer to that question in ORCP 54 E itself. ORCP 54 E(1) expressly contemplates offers that consist of or include the transfer of property. *See* ORCP 54 E(1) (describing an offer to allow judgment against the defendant "for the sum, *or the property*, or to the effect therein specified" (emphasis added)). And there is no question that a court may

_____

[5] In the original trial court proceeding, defendant calculated plaintiff's pre-offer fees as $2,176.75 and pre-offer costs as $198. *See Mendoza I*, 314 Or App at 90 (referencing same). However, defendant subsequently identified a miscalculation and represents that the correct amount for plaintiff's pre-offer fees and costs is $1,830.50. Plaintiff does not appear to dispute that number. In any event, given the range at issue, the exact amount is not material to our decision.

award property in a judgment in an appropriate case. Given the plain text of the rule, it is apparent that trial courts must consider both monetary and nonmonetary aspects of an offer or judgment in making the comparison required by ORCP 54 E(3).

In addition to the rule's text, we also find persuasive the reasoning of several federal courts that have interpreted the analogous federal rule of civil procedure, FRCP 68, to require consideration of both monetary and nonmonetary aspects of an offer or judgment in deciding whether the judgment is more favorable than the offer.[6] *See Vasconcelo v. Miami Auto Max, Inc.*, 981 F3d 934, 944 (11th Cir 2020) ("[T]he non-monetary elements of a judgment should be considered when comparing it to a Rule 68 offer."); *Reiter v. MTA New York City Transit Auth.*, 457 F3d 224, 231 (2d Cir 2006), *cert den*, 549 US 1211 (2007) (explaining that nonmonetary aspects of an offer or judgment must be considered in the FRCP 68 analysis, notwithstanding "the difficulty of comparing a monetary offer and judgment that includes non-monetary elements"); *Andretti v. Borla Performance Indus., Inc.*, 426 F3d 824, 837 (6th Cir 2005) ("[A] favorable judgment and an injunction can be more valuable to a plaintiff than damages.").

Plaintiff argues that considering the van-return requirement as part of the ORCP 54 E(3) analysis requires the trial court to "look past the final judgment" or "behind the dollar amount of the judgment" in a manner contrary to existing case law. But plaintiff relies for that argument on a line of case law that is distinguishable.

---

[6] Until 2007, FRCP 68 contained phrasing nearly identical to that in ORCP 54 E, allowing a pretrial offer of judgment "for the money or property or to the effect specified in the offer," and requiring a determination of whether "the judgment finally obtained by the offeree is not more favorable than the offer." FRCP 68 (2006). In 2007, the rule was amended—including by removing the language that mirrored ORCP 54 E—to make it more readable, without the intention of changing its meaning. FRCP 68(a), (d) (allowing "an offer to allow judgment on specified terms" and requiring a determination of whether "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer"); FRCP 68 Advisory Committee Notes to 2007 Amendment ("The language of Rule 68 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.").

We have held that a court conducting an ORCP 54 E(3) analysis should not adjust the dollar amount of a money offer or award to account for Personal Injury Protection (PIP) benefit reimbursements to the plaintiff's insurer that are not reflected in the judgment but will affect how much of the award the plaintiff personally keeps. *Mulligan*, 227 Or App at 524-25; *Delcastillo*, 197 Or App at 141. We have similarly held that a court conducting an ORCP 54 E(3) analysis should not adjust the dollar amount of a money award to account for a settlement with a codefendant that will affect how much of the award the plaintiff personally keeps. *Quality Contractors, Inc. v. Jacobsen*, 154 Or App 343, 349, 963 P2d 30 (1998). As we explained in *Delcastillo*, 197 Or App at 141, to hold otherwise "would be to impose on trial courts an obligation to look behind the dollar amount of a judgment to determine its actual benefit to a plaintiff," which "finds support in neither the language of the rule nor in our case law, which treats the judgment amount as unaffected by offsets (such as PIP reimbursement or settlements) that are not part of resolution of the merits of the action."

The present situation is different, because the requirement that plaintiff return the van to defendant appears on the face of the judgment and is part of the resolution of the merits of the action. In each of the cases discussed above, only money was offered, only money was awarded, and the legal issue before us was whether the trial court was required to consider in its ORCP 54 E(3) analysis a factor *external* to the judgment—the existence of a settlement or PIP benefit reimbursement requirements—that had a practical effect on how much money would end up in the plaintiff's own pocket. We answered no, as explained in the opinions in those cases. But nothing in that line of cases supports construing ORCP 54 E to exclude the consideration of nonmonetary terms in assessing whether a judgment is more favorable than an offer. An offer of property that appears on the face of the offer or an award of property that appears on the face of the judgment is fundamentally different from considerations outside the judgment.

As for how to compare an offer and judgment when one or both contain nonmonetary terms, we recognize that

it may be difficult at times. *See Reiter*, 457 F3d at 231 (recognizing same); Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Richard D. Freer, 12 *Federal Practice and Procedure* § 3006.1 (3d ed 2008) ("The comparison between Rule 68 offers and judgments is intrinsically more difficult where one or both involves nonmonetary relief. In particular, it is difficult to compare monetary relief with nonmonetary relief, although courts have managed to do so. \*\*\* Ultimately the courts must try to compare apples and oranges as best they can." (Internal footnotes omitted.)). However, the fact that accounting for nonmonetary terms may make the ORCP 54 E(3) comparison more challenging does not excuse doing it, and, for the reasons already discussed, we reject any argument by plaintiff that trial courts should simply disregard nonmonetary terms in the analysis.

We similarly reject plaintiff's suggestion that it is improper for trial courts to conduct any factfinding in deciding ORCP 54 E(3) motions. None of the authority cited by plaintiff supports that proposition. Someone needs to do the factfinding, and the nature of an ORCP 54 E(3) motion would make it extremely difficult to obtain findings at trial on issues relevant only to a potential future ORCP 54 E(3) motion. Moreover, it is well established in analogous federal case law that a trial court may need to engage in factfinding to decide an FRCP 68 motion. *See, e.g.*, *Hobbs v. Alcoa, Inc.*, 501 F3d 395, 398 (5th Cir 2007) (reviewing "[a]ny factual findings concerning the circumstances under which Rule 68 offers are made" for clear error, and concluding that a magistrate judge's finding that the value of equitable relief in the case was *de minimis* was not clearly erroneous); *Vasconcelo*, 981 F3d at 944 ("[T]he district court did not clearly err in its implicit factual finding that Vasconcelo's non-pecuniary interest in establishing Miami Auto Max's liability was not worth more than the $3,305.60 difference between the jury verdict and the offer."); *Reiter*, 457 F3d at 229 (holding that the district court's conclusion that an offer was more favorable than the judgment, which included substantial equitable relief, was "clearly erroneous" because it "draws indefensible conclusions about the worthlessness of the equitable relief [the plaintiff] obtained").

We therefore conclude that the trial court erred when it compared only the monetary terms of the judgment and offer in conducting its ORCP 54 E(3) analysis and did not account for a nonmonetary term of the judgment, *i.e.*, the requirement that plaintiff return the van to defendant. We express no opinion at this time as to how the van should be valued, as the trial court should address that issue in the first instance. Defendant argues that the van should be valued at $5,339.48, based on the insurance payment that plaintiff received. Plaintiff counters that the insurance payment does not reflect the van's actual value, but rather the market value of that make and model of van *without* the defects that prompted this litigation, as well as arguing that the arbitrator implicitly assigned zero value to the van. We leave it to the trial court to consider those arguments, conduct the necessary proceedings, and determine whether the judgment as a whole is more or less favorable to plaintiff than defendant's pre-arbitration offer.[7]

Finally, we reject plaintiff's argument that defendant's ORCP 54 E(3) argument is foreclosed because defendant did not alert the court to "the problem" in the arbitration award before the general judgment was entered. Defendant is not contending that there is anything wrong with the arbitration award or general judgment. Defendant is arguing that the general judgment is less favorable to plaintiff than defendant's offer when one considers *all* of the judgment's terms, including the requirement that plaintiff return the van to defendant. Toward that end, defendant makes various arguments as to the meaning of the judgment and the value of the van. But defendant does not argue that the judgment contains any error or should be modified in any way.[8] Its argument is directed to the proper application of ORCP 54 E(3) to the judgment that was entered.

---

[7] Although we do not express any opinion on the value of the van, we do make two observations. First, the trial court's task is simplified by the fact that neither party attaches any value to the van other than its financial value. Second, the trial court's task is complicated by the timing of the van accident and by the fact that the arbitrator never modified the van-return requirement.

[8] As part of arguing that defendant needed to take some other action to preserve its ORCP 54 E(3) arguments, plaintiff argues that the trial court register shows a $5,300 lien based on the money award in the judgment, and that defendant should have alerted the trial court if it believed that register entry was

CROSS-ASSIGNMENT OF ERROR

In a cross-assignment of error, plaintiff points out that the reason that her claim qualified for mandatory court-annexed arbitration was because she sought only money damages—*see* ORS 36.405(1)(a) (providing for circuit courts to refer certain civil actions to mandatory court-annexed arbitration, including those in which "[t]he only relief claimed is recovery of money or damages, and no party asserts a claim for money or general and special damages in an amount exceeding $50,000, exclusive of attorney fees, costs and disbursements and interest on judgment")—and she argues that it was error for the arbitrator to require her to return the van to defendant and error for the trial court to enter a judgment containing that term. Those issues go to the correctness of the arbitrator's award and the general judgment incorporating it. They cannot be raised in an appeal of the supplemental judgment denying defendant's ORCP 54 E(3) motion.

Reversed and remanded.

---

incorrect. However, we do not understand defendant to contend that the register is wrong. ORS 18.150(1) provides that, subject to certain conditions and exceptions, if a judgment includes a money award, the court administrator shall note in the court register that the judgment creates a judgment lien. The judgment in this case includes a money award for $5,300, which is noted in the register. Defendant does not take issue with that entry, nor is it apparent why it would. To the extent that plaintiff means to suggest that the arbitrator should have addressed the disposition of the vehicle in a different place in the award (rather than writing it into the money award section), or that the form of judgment was noncompliant, or that the judgment was misrecorded, those issues are not properly before us, and we do not view defendant's ORCP 54 E(3) motion as implicating them.